Deutsche Bank Natl. Trust Co. Ams. v Bernal (2020 NY Slip Op 05033)





Deutsche Bank Natl. Trust Co. Ams. v Bernal


2020 NY Slip Op 05033


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2017-05812
2017-12450
 (Index No. 70012/15)

[*1]Deutsche Bank National Trust Company Americas, etc., appellant, 
v
Jhon Bernal, respondent, et al., defendants.


McCalla Raymer Leibert Pierce, LLC, New York, NY (Margaret S. Stefandl of counsel), for appellant.
Jasbrinder Sahni, White Plains, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Alan D. Scheinkman, J.), dated May 5, 2017, and (2) an order of the same court dated October 4, 2017. The order dated May 5, 2017, insofar as appealed from, granted that branch of motion of the defendant Jhon Bernal which was, in effect, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred, and denied, as academic, the plaintiff's cross motion, inter alia, to strike that defendant's answer for failure to provide discovery responses. The order dated October 4, 2017, denied the plaintiff's motion for leave to reargue and renew its cross motion and its opposition to the motion of the defendant Jhon Bernal.
ORDERED that the appeal from so much of the order dated October 4, 2017, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated May 5, 2017, is affirmed insofar as appealed from; and it is further,
ORDERED that the order dated October 4, 2017, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Jhon Bernal.
In this mortgage foreclosure action, in support of his motion, inter alia, to dismiss the complaint insofar as asserted against him, the defendant Jhon Bernal (hereinafter the defendant) established that the six-year statute of limitations (see CPLR 213[4]) began to run on the entire debt on July 14, 2009, when Aurora Loan Services, LLC (hereinafter Aurora), commenced an action (hereinafter the prior action) to foreclose the mortgage (see Milone v US Bank N.A., 164 AD3d 145, 152). In March 2015, the prior action was dismissed for failure to prosecute. On August 10, 2015, the underlying mortgage was assigned to the plaintiff. Since the instant action was commenced on December 2, 2015, more than six years after the prior action was commenced, the defendant sustained his initial burden of demonstrating, prima facie, that the instant action was untimely (see Bank of N.Y. Mellon v Craig, 169 AD3d 627, 629).
In opposition, the plaintiff failed to raise an issue of fact as to whether the instant action was timely (see Wells Fargo Bank, N.A. v Burke, 155 AD3d 668, 669-670). Contrary to the plaintiff's contention, it failed to demonstrate that Aurora lacked standing to commence the prior action, and that the statute of limitations therefore never began to run on the full debt (see Milone v US Bank N.A., 164 AD3d at 153). Moreover, the plaintiff failed to demonstrate that, even if the debt was accelerated, the acceleration was revoked by means of a letter to the defendant dated April 30, 2015, from counsel for the current loan servicer. Even assuming, arguendo, that counsel for the loan servicer had authority to revoke the acceleration, the letter did not include the requisite language or documentation indicating that the plaintiff would accept installment payments from the defendant (see Bank of N.Y. Mellon v Craig, 169 AD3d at 629; Freedom Mtge. Corp. v Engel, 163 AD3d 631, 633, lv granted in part 33 NY3d 1039).
Accordingly, we agree with the Supreme Court's determination granting that branch of the defendant's motion which was, in effect, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred.
In view of the foregoing, we also agree with the Supreme Court's determination denying, as academic, the plaintiff's cross motion, among other things, to strike the defendant's answer for failure to provide discovery responses.
Contrary to the plaintiff's contention, the Supreme Court, in its order dated October 4, 2017, denied that branch of its motion which was for leave to reargue its cross motion and its opposition to the defendant's motion (cf. Starzyk v Heslinga, 177 AD3d 624). Since the denial of leave to reargue is not appealable, the appeal from that portion of the order must be dismissed (see Wells Fargo Bank, N.A. v Colace, 178 AD3d 1117). Moreover, we agree with the court's determination denying that branch of the plaintiff's motion which was for leave to renew, as there was no change in the law that would impact the court's prior determination (see Bank of N.Y. Mellon v Dieudonne, 171 AD3d 34, 39-40).
MASTRO, J.P., CHAMBERS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court