Wilmington Sav. Fund Socy., FSB v Rosenbaum (2021 NY Slip Op 04924)





Wilmington Sav. Fund Socy., FSB v Rosenbaum


2021 NY Slip Op 04924


Decided on September 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2019-06636
2019-14510
 (Index No. 515725/17)

[*1]Wilmington Savings Fund Society, FSB, etc., appellant, 
v
Jehuda Rosenbaum, et al., respondents, et al., defendants.


Knuckles, Komosinski & Manfro, LLP, Fishkill, NY (Louis A. Levithan of counsel), for appellant.
Israel Vider, Brooklyn, NY, for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Noach Dear, J.), dated March 19, 2019, and (2) an order and judgment (one paper) of the same court dated December 9, 2019. The order, insofar as appealed from, granted those branches of the cross motion of the defendants Jehuda Rosenbaum and Ahuva Rosenbaum which were for summary judgment dismissing the complaint insofar as asserted against them and on their counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. The order and judgment, inter alia, canceled and discharged of record the subject mortgage.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants Jehuda Rosenbaum and Ahuva Rosenbaum.
The appeal from the order must be dismissed, because the right of direct appeal therefrom terminated with the entry of the order and judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run on the date each installment becomes due (see Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867; Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982). However, even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt (see Freedom Mtge. Corp. v Engel, 37 NY3d 1, 21; Kashipour v Wilmington [*2]Sav. Fund Socy., FSB, 144 AD3d 985, 986).
Here, in support of those branches of their cross motion which were for summary judgment dismissing the complaint insofar as asserted against them as time-barred and on their counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage, the defendants Jehuda Rosenbaum and Ahuva Rosenbaum (hereinafter together the defendants) established that the six-year statute of limitations period began to run on the entire debt in December 2009, when the plaintiff's predecessor in interest commenced a prior action to foreclose the mortgage (see Federal Natl. Mtge. Assn. v Schmitt, 172 AD3d 1324, 1325; Bank of N.Y. Mellon v Craig, 169 AD3d 627, 629). Since the plaintiff did not commence this action until August 2017, approximately seven years and eight months after the debt was accelerated, the defendants demonstrated, prima facie, that this action is untimely (see Federal Natl. Mtge. Assn. v Schmitt, 172 AD3d at 1325; Bank of N.Y. Mellon v Craig, 169 AD3d at 629).
In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, it failed to demonstrate that its predecessor in interest lacked standing to commence the prior action, and that the statute of limitations therefore never began to run on the full debt (see Deutsche Bank Natl. Trust Co. Ams. v Bernal, 186 AD3d 1491).
Accordingly, the Supreme Court properly granted those branches of the defendants' cross motion which were for summary judgment dismissing the complaint insofar as asserted against them as barred by the statute of limitations and on their counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage.
RIVERA, J.P., MILLER, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court