Bank of N.Y. Mellon Trust Co., N.A. v Bloom (2022 NY Slip Op 04002)

Bank of N.Y. Mellon Trust Co., N.A. v Bloom

2022 NY Slip Op 04002

Decided on June 22, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
PAUL WOOTEN, JJ.

2018-11778
2020-08683
 (Index No. 522710/16)

[*1]Bank of New York Mellon Trust Company, N.A., etc., appellant, 
v
Joseph Bloom, respondent, et al., defendants.

McCabe, Weisberg & Conway, LLC, New Rochelle, NY (Kenneth O. Britt of counsel), for appellant.
Richland & Falkowski, PLLC, Washingtonville, NY (Daniel H. Richland of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Noach Dear, J.), dated July 3, 2018, and (2) a judgment of the same court entered October 7, 2020. The order granted the motion of the defendant Joseph Bloom for summary judgment dismissing the complaint insofar as asserted against him as time-barred. The judgment, insofar as appealed from, upon the order, is in favor of that defendant and against the plaintiff dismissing the complaint insofar as asserted against that defendant.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant Joseph Bloom.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In March 2007, the defendant Joseph Bloom (hereinafter the defendant) borrowed $504,000 from JPMorgan Chase Bank, N.A. The loan was secured by a mortgage on a residential condominium unit in Brooklyn. The defendant allegedly defaulted under the terms of the note and mortgage by failing to pay the installments of principal and interest due October 1, 2008, and thereafter. The note and mortgage were subsequently assigned to the plaintiff.
In March 2009, the plaintiff commenced an action to foreclose the mortgage (hereinafter the 2009 action). By order dated November 7, 2013, the Supreme Court conditionally [*2]dismissed the complaint in the 2009 action unless the plaintiff filed a note of issue or otherwise moved for entry of judgment within 90 days. Thereafter, the complaint in the 2009 action was administratively dismissed.
In December 2016, the plaintiff commenced this action to foreclose the mortgage. After serving his answer, the defendant moved for summary judgment dismissing the complaint insofar as asserted against him as time-barred. The plaintiff opposed the motion. By order dated July 3, 2018, the Supreme Court granted the defendant's motion. On October 7, 2020, a judgment was entered, inter alia, dismissing the complaint insofar as asserted against the defendant. The plaintiff appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run on the date each installment becomes due (see Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867; Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982). However, even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt (see Freedom Mtge. Corp. v Engel, 37 NY3d 1, 21; Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986).
Here, in support of his motion for summary judgment dismissing the complaint insofar as asserted against him, the defendant established that the six-year statute of limitations period began to run on the entire debt in March 2009, when the plaintiff commenced the 2009 action to foreclose the mortgage (see Wilmington Sav. Fund Socy., FSB v Rosenbaum, 197 AD3d 1132). Since the plaintiff did not commence this action until December 2016, more than 7½ years after the debt was accelerated, the defendant demonstrated, prima facie, that this action was untimely (see id.).
In opposition, the plaintiff failed to raise a triable issue of fact as to whether the instant action was timely.
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him as time-barred.
DILLON, J.P., IANNACCI, RIVERA and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court