U.S. Bank N.A. v McLean (2022 NY Slip Op 05733)

U.S. Bank N.A. v McLean

2022 NY Slip Op 05733

Decided on October 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2019-08148
 (Index No. 505172/16)

[*1]U.S. Bank National Association, etc., appellant,
v
Taunya McLean, et al., respondents, et al., defendants.

McCalla Raymer Leibert Pierce, New York, NY (Margaret S. Stefandl of counsel), for appellant.
Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Noach Dear, J.), dated June 12, 2019. The order and judgment, insofar as appealed from, granted the cross motion of the defendants Taunya McLean and Roger McLean for summary judgment dismissing the complaint insofar as asserted against them and on their counterclaim to cancel and discharge the subject mortgage pursuant to RPAPL 1501(4), in effect, dismissed the complaint insofar as asserted against those defendants, and canceled and discharged of record the subject mortgage.
ORDERED that the order and judgment is reversed insofar as appealed from, on the law, with costs, the complaint is reinstated insofar as asserted against the defendants Taunya McLean and Roger McLean, and the cross motion of the defendants Taunya McLean and Roger McLean for summary judgment dismissing the complaint insofar as asserted against them and on their counterclaim to cancel and discharge of record the subject mortgage pursuant to RPAPL 1501(4) is denied.
On October 21, 2005, the defendants Taunya McLean and Roger McLean (hereinafter together the defendants) executed a note in the amount of $508,500 in favor of nonparty Argent Mortgage Company, LLC (hereinafter Argent). The note was secured by a mortgage on certain real property located in Kings County.
On August 27, 2008, LaSalle Bank, N.A., as Trustee for the MLMI Trust Series 2006-AR1 (hereinafter LaSalle), Argent's successor in interest, commenced an action to foreclose the mortgage against the defendants, among others. On October 8, 2015, LaSalle and the defendants appeared for trial. LaSalle's attorney called his first witness, but informed the Supreme Court that he did not have any of his trial exhibits with him, as they were in the possession of his associate, whom he expected to join him shortly. After waiting seven minutes for the associate to arrive, the court stated that it was dismissing the complaint, telling LaSalle's attorney: "you are unable to establish your case. And, you leave me no choice but to dismiss your case."
On April 5, 2016, the plaintiff, LaSalle's successor in interest, commenced the instant action to foreclose the mortgage against the defendants, among others. A process server stated in an affidavit that he personally served Taunya McLean with a copy of the summons and complaint on April 6, 2016. The same process server stated that he served Roger McLean by leaving a copy of the summons and complaint with Taunya McLean on April 6, 2016. A second process server stated in an affidavit that she mailed a copy of the summons and complaint to Roger McLean on April 7, 2016. The affidavits of service were filed with the clerk of the court on April 7, 2016.
The defendants filed their answer on April 21, 2016. They asserted a counterclaim to cancel and discharge of record the mortgage pursuant to RPAPL 1501(4).
On August 10, 2016, the plaintiff moved for summary judgment on the complaint insofar as asserted against the defendants, to dismiss the defendants' defenses and counterclaim, and for an order of reference. The defendants cross-moved for summary judgment dismissing the complaint insofar as asserted against them, on the ground that the action was barred by res judicata, and for summary judgment on their counterclaim to cancel and discharge of record the mortgage. In support of the cross motion, the defendants relied on the trial transcript from the prior action, in which the Supreme Court stated that it was dismissing LaSalle's complaint.
In an order and judgment dated June 12, 2019, the Supreme Court denied the plaintiff's motion, granted the defendants' cross motion, in effect, dismissed the complaint insofar as asserted against the defendants, and canceled and discharged of record the subject mortgage. The plaintiff appeals.
The Supreme Court erred in granting that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that the instant action was barred by res judicata. "The doctrine of res judicata precludes a party from litigating 'a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter'" (Matter of Josey v Goord, 9 NY3d 386, 389, quoting Matter of Hunter, 4 NY3d 260, 269). Here, the defendants failed to demonstrate, prima facie, that the prior action was terminated on the merits (see CPLR 5013).
The Supreme Court also erred in granting that branch of the defendants' cross motion which was for summary judgment on their counterclaim, to cancel and discharge of record the mortgage. "Pursuant to RPAPL 1501(4), a person having an estate or an interest in real property subject to a mortgage can seek to cancel and discharge that encumbrance where the period allowed by the applicable statute of limitations for the commencement of an action to foreclose the mortgage has expired" (Oakdale III, LLC v Deutsche Bank Natl. Trust Co., 189 AD3d 1685, 1686-1687; see RPAPL 1501[4]; Retemiah v Bank of N.Y. Mellon, 195 AD3d 649, 650). An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]).
Under CPLR 205(a), where an action is timely commenced and is terminated for any reason other than those specified in the statute, the plaintiff "may commence a new action upon the same transaction or occurrence . . . within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period" (id.; see U.S. Bank N.A. v DLJ Mtge. Capital, Inc., 33 NY3d 72, 78). Here, contrary to the defendants' contention, the plaintiff properly effected service of the summons and complaint on the defendant Roger McLean in time to take advantage of the six-month savings provision in CPLR 205(a) (see Best Global Alternative, Ltd. v American Stor. & Transp., Inc., 68 Misc 3d 479, 483 [Sup Ct, Nassau County], citing Mighty v Deshommes, 178 AD3d 912, 914-915).
We need not reach the plaintiff's remaining contention in light of our determination.
DILLON, J.P., ROMAN, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court