U.S. Bank N.A. v Outlaw (2023 NY Slip Op 03038)

U.S. Bank N.A. v Outlaw

2023 NY Slip Op 03038

Decided on June 7, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 7, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
PAUL WOOTEN
LILLIAN WAN, JJ.

2019-10867
 (Index No. 710300/17)

[*1]U.S. Bank National Association, etc., respondent,
v
Randolph Outlaw, appellant, et al., defendants.

Mobilization for Justice, Inc., New York, NY (Jeanette Zelhof, Joseph Rebella, Tiffany A. Liston, and Christopher Fasano of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Jane H. Torcia of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Randolph Outlaw appeals from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered August 12, 2019. The order, insofar as appealed from, denied that defendant's motion, in effect, for summary judgment dismissing the complaint insofar as asserted against him and on his counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage, and granted those branches of the plaintiff's cross-motion which were for summary judgment on the complaint insofar as asserted against the defendant Randolph Outlaw and for an order of reference.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, the motion of the defendant Randolph Outlaw, in effect, for summary judgment dismissing the complaint insofar as asserted against him and on his counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage is granted, and those branches of the plaintiff's cross-motion which were for summary judgment on the complaint insofar as asserted against the defendant Randolph Outlaw and for an order of reference are denied.
In March 2007, the defendant Randolph Outlaw (hereinafter the defendant) executed a note in the sum of $468,000, which was secured by a mortgage on real property located in Queens. In 2008, LaSalle Bank National Association (hereinafter LaSalle) commenced an action to foreclose the mortgage (hereinafter the prior action). In an order dated July 23, 2014, the Supreme Court directed dismissal of the prior action based upon LaSalle's failure to comply with a status conference order.
In 2017, the plaintiff commenced this action to foreclose the mortgage against, among others, the defendant. Thereafter, the defendant moved, in effect, for summary judgment dismissing the complaint insofar as asserted against him as time-barred and on his counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. The plaintiff cross-moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. In an order entered August 12, 2019, the Supreme Court, among other things, denied the defendant's motion and granted those branches of the plaintiff's cross-motion. The defendant appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (BHMPW Funding, LLC v Lloyd-Lewis, 194 AD3d 780, 782 [internal quotation marks omitted]). The acceleration of a mortgage debt may occur when the holder of the note commences an action to foreclose the mortgage and seeks payment of the full balance due in the complaint (see Wilmington Sav. Fund Socy., FSB v Rosenbaum, 197 AD3d 1132, 1133).
Here, the defendant established, prima facie, that the statute of limitations began to run on the entire debt in 2008, when LaSalle commenced the prior action and elected to call due the entire amount secured by the mortgage (see U.S. Bank N.A. v Doura, 204 AD3d 721, 723; Wilmington Sav. Fund Socy., FSB v Iqbal, 195 AD3d 772, 773). The defendant further demonstrated, prima facie, that since the plaintiff did not commence this action until 2017, more than six years later, this action was time-barred (see CPLR 213[4]; U.S. Bank N.A. v Doura, 204 AD3d at 723). In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact (see CPLR 213[4]; Foreclosure Abuse Prevention Act, L 2022, ch 821; GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915; Wilmington Sav. Fund Socy., FSB v Rosenbaum, 197 AD3d at 1133; Deutsche Bank Natl. Trust Co. Ams. v Bernal, 186 AD3d 1491, 1492).
Accordingly, the Supreme Court should have granted the defendant's motion, in effect, for summary judgment dismissing the complaint insofar as asserted against him as time-barred and on his counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage, and denied those branches of the plaintiff's cross-motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference (see GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915; Wilmington Sav. Fund Socy., FSB v Rosenbaum, 197 AD3d at 1133).
CONNOLLY, J.P., MILLER, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court