Deutsche Bank Natl. Trust Co. v Heitner (2024 NY Slip Op 02170)

Deutsche Bank Natl. Trust Co. v Heitner

2024 NY Slip Op 02170

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2020-02568
 (Index No. 603938/19)

[*1]Deutsche Bank National Trust Company, etc., appellant,
v
Gail Heitner, et al., respondents, et al., defendants.

Robertson Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista and Leah Lenz of counsel), for appellant.
PM Law P.C., New York, NY (Pankaj Malik of counsel), for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered January 22, 2020. The order granted the motion of the defendants Gail Heitner and Walter Heitner, Jr., pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred and denied the plaintiff's cross-motion to extend the time to serve the summons and complaint upon those defendants.
ORDERED that the order is affirmed, with costs.
On December 31, 2009, the plaintiff commenced an action against the defendants Gail Heitner and Walter Heitner, Jr. (hereinafter together the defendants), among others, to foreclose a mortgage on certain real property located in Wantagh (hereinafter the 2009 foreclosure action). That action was dismissed for the plaintiff's failure to comply with RPAPL 1304.
By summons and complaint dated March 19, 2019, the plaintiff commenced the instant action against the defendants, among others, to foreclose the same mortgage. The defendants moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred. The plaintiff opposed the motion and cross-moved to extend the time to serve the summons and complaint upon the defendants. By order entered January 22, 2020, the Supreme Court granted the defendants' motion and denied the plaintiff's cross-motion. The plaintiff appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). "[E]ven if the mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt" (Bush N Stuy Corp. v Bayview Loan Servicing, LLC, 215 AD3d 916, 918 [internal quotation marks omitted]).
Here, the defendants established, prima facie, that the statute of limitations began to run on the entire debt in 2009, when the plaintiff commenced the 2009 foreclosure action and elected to call due the entire amount secured by the mortgage (see U.S. Bank N.A. v Outlaw, 217 AD3d 721, 722; U.S. Bank N.A. v Doura, 204 AD3d 721, 723). The defendants further demonstrated, prima [*2]facie, that since the plaintiff did not commence this action until 2019, more than six years later, this action was time-barred (see CPLR 213[4]; U.S. Bank N.A. v Outlaw, 217 AD3d at 722-723).
In opposition, the plaintiff argued that the action was timely because it was commenced within the applicable six-month extension period afforded by CPLR 205(a). However, the recently enacted Foreclosure Abuse Prevention Act (L 2022, ch 821) replaced the savings provision of CPLR 205(a) with CPLR 205-a in actions upon instruments described in CPLR 213(4) (see id. § 205[c]). Pursuant to CPLR 205-a, where, as here, an action upon an instrument described under CPLR 213(4) is timely commenced and is not terminated on certain enumerated grounds, "the original plaintiff . . . may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months following the termination, provided that the new action would have been timely commenced" and that "service upon the original defendant is completed within such six-month period" (see id. § 205-a [emphasis added]). Notably, under CPLR 205(a), in order to qualify for the six-month extension, service need only be "effected" within the six-month period (id.; see U.S. Bank N.A. v McLean, 209 AD3d 792, 794). In contrast, in enacting CPLR 205-a, the Legislature chose to require that service upon the defendant be "completed" within the six-month period.
In the instant action, the defendants were served by the "affix and mail" method pursuant to CPLR 308(4), which statute provides that "service shall be complete" 10 days after the filing of proof of service with the clerk of the relevant court (see id.). Since the plaintiff filed proof of service on April 19, 2019, service on the defendants was completed on April 29, 2019. It is undisputed that the 2009 foreclosure action was terminated on October 24, 2018, such that the six-month extension period provided by CPLR 205-a expired on April 24, 2019, five days before service upon the defendants was "completed." Accordingly, the instant action was not timely commenced under CPLR 205-a, and therefore, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred.
The Supreme Court also properly denied the plaintiff's cross-motion to extend the time to serve the defendants. "Since the action was time-barred, neither this Court nor the Supreme Court has authority to extend the [plaintiff's] time to serve the summons and complaint on the defendants" (Stein v Davidow, Davidow, Siegel & Stern, LLP, 186 AD3d at 776; see CPLR 201; Marrero v Crystal Nails, 114 AD3d 101, 113).
IANNACCI, J.P., CHRISTOPHER, WOOTEN and TAYLOR, JJ., concur.

2020-02568 DECISION & ORDER
Deutsche Bank National Trust Company, etc., appellant,
v Gail Heitner, et al., respondents, et al., defendants.
(Index No. 603938/19)

Appeal from an order of the Supreme Court, Nassau County, entered January 22, 2020. Motion by the respondents to dismiss the appeal on the ground that it has been rendered academic. By decision and order on motion of this Court dated July 29, 2020, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the motion is denied.
IANNACCI, J.P., CHRISTOPHER, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court