Maneri v Residential Funding Co., LLC (2024 NY Slip Op 02530)

Maneri v Residential Funding Co., LLC

2024 NY Slip Op 02530

Decided on May 8, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 8, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
PAUL WOOTEN
LAURENCE L. LOVE, JJ.

2021-07685
 (Index No. 620832/19)

[*1]Joseph C. Maneri, appellant, 
v
Residential Funding Company, LLC, respondent.

Grausso & Foy, LLP, Bohemia, NY (Edmond R. Foy of counsel), for appellant.
Houser LLP, New York, NY (Kathleen M. Massimo, Evan N. Soyer, and Jordan W. Schur of counsel), for respondent.

DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Robert F. Quinlan, J.), dated September 20, 2021. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the complaint and granted the defendant's cross-motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith.
In October 2019, the plaintiff commenced this action against the defendant, Residential Funding Company, LLC (hereinafter Residential Funding), pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage encumbering certain real property located in Suffolk County on the ground that the statute of limitations within which to commence a foreclosure action had expired. In September 2012, Residential Funding had commenced an action to foreclose the mortgage against, among others, the plaintiff (hereinafter the 2012 foreclosure action). Thereafter, in January 2017, Residential Funding moved to discontinue the 2012 foreclosure action. In an order dated March 2, 2017, the Supreme Court granted the unopposed motion to discontinue the 2012 foreclosure action.
In this action, the plaintiff moved, inter alia, for summary judgment on the complaint. Residential Funding opposed the motion and cross-moved for summary judgment dismissing the complaint. In an order dated September 20, 2021, the Supreme Court, among other things, denied that branch of the plaintiff's motion which was for summary judgment on the complaint and granted Residential Funding's cross-motion for summary judgment dismissing the complaint. The plaintiff appeals. We reverse the order insofar as appealed from and remit the matter to the Supreme Court, Suffolk County, for further proceedings in accordance herewith.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt" (Bank of N.Y. Mellon v Mor, 201 AD3d 691, 694; see U.S. Bank N.A. v Connor, 204 AD3d 861, 862-863). The acceleration of a mortgage debt may occur when, as here, the holder of the note commences an action to foreclose the mortgage and seeks payment of the full balance due in the complaint (see U.S. [*2]Bank N.A. v Outlaw, 217 AD3d 721, 722; Wilmington Sav. Fund Socy., FSB v Rosenbaum, 197 AD3d 1132, 1133).
Here, the plaintiff demonstrated, prima facie, that the six-year statute of limitations began to run in September 2012, when Residential Funding commenced the 2012 foreclosure action and elected to call due the entire amount secured by the mortgage (see ARCPE 1, LLC v DeBrosse, 217 AD3d 999, 1001; U.S. Bank N.A. v Doura, 204 AD3d 721, 723). The plaintiff also demonstrated that, after Residential Funding discontinued the 2012 foreclosure action, it did not commence another foreclosure action within the six-year period from when the debt was accelerated and therefore, any future foreclosure action would be time-barred (see CPLR 213[4]; ARCPE 1, LLC v DeBrosse, 217 AD3d at 1001). Applying the Foreclosure Abuse Prevention Act (L 2022, ch 821, § 8 [eff Dec. 30, 2022]; hereinafter FAPA), which was enacted during the pendency of this appeal, Residential Funding failed to raise a triable issue of fact in opposition, because pursuant to FAPA, the voluntary discontinuance of the 2012 foreclosure action did not serve to reset the statute of limitations (see CPLR 3217[e], 203[h]; ARCPE 1, LLC v DeBrosse, 217 AD3d at 1001-1002).
Nevertheless, on appeal, Residential Funding has challenged the constitutionality of the FAPA, contending, inter alia, that retroactive application of FAPA would violate the Due Process and Contracts Clauses of the United States Constitution. Inasmuch as the Supreme Court did not consider the issues relating to the constitutionality of FAPA in determining that branch of the plaintiff's motion and Residential Funding's cross-motion, we remit the matter to the Supreme Court, Suffolk County, for consideration thereof, after any further briefing, argument, and hearing that the court deems appropriate, and for a new determination of the subject branch of the plaintiff's motion and Residential Funding's cross-motion thereafter (see Johnson v Cascade Funding Mtge. Trust 2017-1, 220 AD3d 929, 932).
The parties' remaining contentions need not be reached in light of our determination.
DUFFY, J.P., MILLER, WOOTEN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court