Wells Fargo Bank, N.A. v Brandt (2024 NY Slip Op 04223)

Wells Fargo Bank, N.A. v Brandt

2024 NY Slip Op 04223

Decided on August 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2020-02767 
2020-09735
 (Index No. 3462/17)

[*1]Wells Fargo Bank, N.A., etc., respondent, 
v
Michael Brandt, et al., appellants, et al., defendants.

Young Law, P.C., Brentwood, NY (Ivan E. Young of counsel), for appellants.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Chong S. Lim of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Michael Brandt and Donna Brandt appeal from (1) a decision of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered February 6, 2020, and (2) an order of the same court entered February 6, 2020. The order, insofar as appealed from, upon the decision, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Michael Brandt and Donna Brandt, to strike their answer, and for an order of reference, and denied that branch of those defendants' cross-motion which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Michael Brandt and Donna Brandt, to strike their answer, and for an order of reference are denied, and that branch of those defendants' cross-motion which was for summary judgment dismissing the complaint insofar as asserted against them is granted; and it is further,
ORDERED that one bill of costs is awarded to the defendants Michael Brandt and Donna Brandt.
In September 2005, the defendant Michael Brandt executed a note that was secured by a mortgage, given by him and the defendant Donna Brandt (hereinafter together the defendants) to the mortgagee, on certain real property located in Bellerose Village. In June 2009, the plaintiff commenced an action against the defendants, among others, to foreclose the mortgage (hereinafter the 2009 action). In an order dated March 27, 2017, and entered April 17, 2017, the Supreme Court, inter alia, directed dismissal of the complaint in the 2009 action based upon the plaintiff's failure to comply with RPAPL 1304. No appeal was taken from that order.
In September 2017, the plaintiff commenced this action against the defendants, among others, to foreclose the mortgage. The defendants interposed an answer, asserting various affirmative defenses, including expiration of the statute of limitations. The plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. The defendants cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, contending, among other things, that the action was time-barred. The Supreme Court granted those branches of the plaintiff's motion and denied that branch of the defendants' cross-motion. The defendants appeal.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). "[E]ven if the mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (Bush N Stuy Corp. v Bayview Loan Servicing, LLC, 215 AD3d 916, 918 [internal quotation marks omitted]).
Here, the defendants established, prima facie, that the mortgage debt was accelerated when the plaintiff commenced the 2009 action and elected in the complaint to call due the entire amount secured by the mortgage (see Nationstar Mtge., LLC v Scheinberg, 216 AD3d 652, 653). Since this action was commenced in September 2017, more than six years later, the defendants demonstrated, prima facie, that this action was time-barred (see U.S. Bank N.A. v Armand, 220 AD3d 963, 966).
In opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact. The plaintiff argued that this action was timely commenced within the six-month extension period afforded by CPLR 205(a). However, the Foreclosure Abuse Prevention Act (L 2022, ch 821) replaced the savings provision of CPLR 205(a) with CPLR 205-a in actions upon instruments described in CPLR 213(4) (see id. § 205[c]). Pursuant to CPLR 205-a, where, as here, an action upon an instrument described under CPLR 213(4) is timely commenced and is not terminated on certain enumerated grounds, "the original plaintiff . . . may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months following the termination, provided that the new action would have been timely commenced" and that "service upon the original defendant is completed within such six-month period" (see id. § 205-a[a] [emphasis added]). Notably, under CPLR 205(a), in order to qualify for the six-month extension, service need only be "effected" within the six-month period (see U.S. Bank N.A. v McLean, 209 AD3d 792, 794). In contrast, in enacting CPLR 205-a, the Legislature chose to require that service upon the defendant be "completed" within the six-month period (id. § 205-a[a]; see Deutsche Bank Natl. Trust Co. v Heitner, 226 AD3d 967, 969).
Here, Michael Brandt was served by substituted service pursuant to CPLR 308(2), which provides that "service shall be complete" 10 days after the filing of proof of service with the clerk of the relevant court. The plaintiff does not dispute that proof of service was filed on October 13, 2017. Thus, service on Michael Brandt was not complete until October 23, 2017, after expiration of the six-month extension period. Therefore, this action was not timely commenced under CPLR 205-a (see Deutsche Bank Natl. Trust Co. v Heitner, 226 AD3d at 969).
Accordingly, the Supreme Court should have granted that branch of the defendants' cross-motion which was for summary judgment dismissing the complaint insofar as asserted against them and should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference.
In light of our determination, we need not reach the parties' remaining contentions.
IANNACCI, J.P., WOOTEN, GENOVESI and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court