Ellis v Bushwick Ctr. for Rehabilitation & Nursing (2025 NY Slip Op 04230)

Ellis v Bushwick Ctr. for Rehabilitation & Nursing

2025 NY Slip Op 04230

Decided on July 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JAMES P. MCCORMACK, JJ.

2023-00923
 (Index No. 502005/22)

[*1]Brenda Ellis, etc., et al., respondents,
v
Bushwick Center for Rehabilitation and Nursing, et al., appellants, et al., defendant.

Kaufman Borgeest & Ryan, LLP, Valhalla, NY (Lisa E. Fleischmann and Jacqueline Mandell of counsel), for appellants Wartburg Receiver, LLC, doing business as Bushwick Center for Rehabilitation and Health Care, sued herein as Bushwick Center for Rehabilitation and Nursing, Bushwick Center for Rehabilitation and Health Care, Bushwick Center for Rehabilitation and Healthcare, and Wartburg Receiver, LLC, and Centers for Specialty Care Group, LLC, sued herein as Centers Health Care, LLC, Centers for Specialty Care Group, LLC, and Centers for Specialty Care Group IPA, LLC.
Fumuso, Kelly, Swart, Farrell, Polin & Christesen LLP, Hauppauge, NY (Scott G. Christesen of counsel), for appellants Allure Care Management, LLC, doing business as Bedford Center for Nursing & Rehabilitation, sued herein as Bedford Center for Nursing & Rehabilitation and Allure Care Management, LLC, and Allure Group, LLC.
Antin, Ehrlich & Epstein, LLP (Scott W. Epstein and Pollack Pollack Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for medical malpractice and wrongful death, the defendants Wartburg Receiver, LLC, doing business as Bushwick Center for Rehabilitation and Health Care, sued herein as Bushwick Center for Rehabilitation and Nursing, Bushwick Center for Rehabilitation and Health Care, Bushwick Center for Rehabilitation and Healthcare, and Wartburg Receiver, LLC, and Centers for Specialty Care Group, LLC, sued herein as Centers Health Care, LLC, Centers for Specialty Care Group, LLC, and Centers for Specialty Care Group IPA, LLC, appeal, and the defendants Allure Care Management, LLC, doing business as Bedford Center for Nursing & Rehabilitation, sued herein as Bedford Center for Nursing & Rehabilitation and Allure Care Management, LLC, and Allure Group, LLC, separately appeal, from an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated December 22, 2022. The order, insofar as appealed from, denied those branches of those defendants' separate motions which were pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against each of them.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs payable to the defendants Wartburg Receiver, LLC, doing business as Bushwick Center for Rehabilitation and Health Care, sued herein as Bushwick Center for Rehabilitation and Nursing, Bushwick Center for Rehabilitation and Health Care, Bushwick Center for Rehabilitation and [*2]Healthcare, and Wartburg Receiver, LLC, and Centers for Specialty Care Group, LLC, sued herein as Centers Health Care, LLC, Centers for Specialty Care Group, LLC, and Centers for Specialty Care Group IPA, LLC, and the defendants Allure Care Management, LLC, doing business as Bedford Center for Nursing & Rehabilitation, sued herein as Bedford Center for Nursing & Rehabilitation and Allure Care Management, LLC, and Allure Group, LLC, appearing separately and filing separate briefs, and those branches of those defendants' separate motions which were pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against each of them are granted.
In January 2021, the plaintiffs, Brenda Ellis, the wife of the decedent, Jeffrey Ross, as "Proposed Administrator" of the estate of Jeffrey Ross, and the estate of Jeffrey Ross, commenced an action to recover damages for medical malpractice and wrongful death against, among others, the defendants Wartburg Receiver, LLC, doing business as Bushwick Center for Rehabilitation and Health Care, sued herein as Bushwick Center for Rehabilitation and Nursing, Bushwick Center for Rehabilitation and Health Care, Bushwick Center for Rehabilitation and Healthcare, and Wartburg Receiver, LLC, and Centers for Specialty Care Group, LLC, sued herein as Centers Health Care, LLC, Centers for Specialty Care Group, LLC, and Centers for Specialty Care Group IPA, LLC (hereinafter together the Bushwick defendants), and the defendants Allure Care Management, LLC, doing business as Bedford Center for Nursing & Rehabilitation, sued herein as Bedford Center for Nursing & Rehabilitation and Allure Care Management, LLC, and Allure Group, LLC (hereinafter together the Bedford defendants) (hereinafter the January 2021 action). Thereafter, the Bushwick defendants moved to dismiss the complaint insofar as asserted against them in the January 2021 action pursuant to CPLR 3211(a)(3) and EPTL 5-4.1 for lack of capacity to sue on the ground that Ellis commenced the action as the "Proposed Administrator" of Ross's estate as she had not been appointed the administrator of Ross's estate. The Bedford defendants moved for the same relief insofar as asserted against them. The plaintiffs did not file opposition papers, and at oral argument, the plaintiffs' counsel stated that the plaintiffs did not oppose the Bushwick defendants' and the Bedford defendants' respective motions. In orders dated July 20, 2021, and July 27, 2021, respectively (hereinafter together the July 2021 dismissal orders), the Supreme Court granted the Bushwick defendants' and the Bedford defendants' separate motions. The order dated July 20, 2021, was entered July 23, 2021, and served with notice of entry. The order dated July 27, 2021, was entered July 30, 2021. The plaintiffs appealed from the order dated July 20, 2021, but that appeal was not perfected. In May 2022, a judgment was entered dismissing the January 2021 action.
On January 20, 2022, the plaintiffs commenced the instant action by filing a summons
and complaint, again characterizing Ellis as the"Proposed Administrator." Thereafter, the plaintiffs filed an amended complaint stating that Ellis was issued letters of administration on February 7, 2022. The Bushwick defendants moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against them, and the Bedford defendants moved, among other things, for the same relief insofar as asserted against them. In opposition, the plaintiffs relied upon the savings provision of CPLR 205(a). In an order dated December 22, 2022, the Supreme Court, inter alia, denied those branches of the Bushwick defendants' and the Bedford defendants' separate motions. The Bushwick defendants and the Bedford defendants separately appeal.
CPLR 205(a) provides, in relevant part, that a plaintiff may commence a new action upon the same transactions or occurrences as the prior action "within six months after the termination [of the prior action] provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period" (Delzotti v Bowers, 219 AD3D 967, 970; see Sokoloff v Schor, 176 AD3d 120, 127). "[T]ermination of the prior action occurs when appeals as of right are exhausted, or, when discretionary appellate review is granted, upon final determination of the discretionary appeal" (Malay v City of Syracuse, 25 NY3d 323, 328 [citation and internal quotation marks omitted]; see Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. [Habiterra Assoc.], 5 NY3d 514, 519; Joseph Francase, Inc. v Enlarged City School Dist. of Troy, 95 NY2d 59, 64). Here, the July 2021 dismissal orders in the January 2021 action were not appealable at all, because the plaintiff did not oppose the motions to dismiss the complaint in the January 2021 action (see CPLR 5511; Mixon v TBV, 76 AD3d 144, 157 n 3). Thus, the January 2021 action terminated in July 2021.
The instant action was commenced within six months of the July 2021 dismissal orders (see Sokoloff v Schor, 176 AD3d at 127), but Ellis still lacked the capacity to sue at that time. Further, the plaintiffs did not effect service on the Bushwick defendants and the Bedford defendants within the six-month period afforded by CPLR 205(a) for the commencement of a new action. Therefore, the Supreme Court should have granted those branches of the Bushwick defendants' and the Bedford defendants' separate motions which were pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against each of them (see U.S. Bank v McLean, 209 AD3d 792; J Constr. Co., LLC v Westchester Fire Ins. Co., 165 AD3d 1076).
The parties' remaining contentions are either without merit or not properly before this Court.
Accordingly, we reverse the order dated December 22, 2022, insofar as appealed from and grant those branches of the Bushwick defendants' and the Bedford defendants' separate motions which were pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against each of them.
BARROS, J.P., BRATHWAITE NELSON, WARHIT and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court