Deutsche Bank Natl. Trust Co. v Contact Holdings Corp. (2026 NY Slip Op 00491)

Deutsche Bank Natl. Trust Co. v Contact Holdings Corp.

2026 NY Slip Op 00491

Decided on February 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2023-09594
 (Index No. 507319/22)

[*1]Deutsche Bank National Trust Company, etc., appellant, 
vContact Holdings Corp., respondent, et al., defendants.

Greenberg Traurig, LLP, New York, NY (Leah N. Jacob, Ryan Sirianni, and Patrick G. Broderick of counsel), for appellant.
Warner & Scheuerman, New York, NY (Jonathon D. Warner and Karl E. Scheuerman of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated July 24, 2023. The order granted the motion of the defendant Contact Holdings Corp. for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
In August 2005, Jeff Allenstein executed a note in the sum of $474,050, which was secured by a mortgage on certain real property located in Brooklyn. In February 2010, the plaintiff commenced an action to foreclose the mortgage against Allenstein, among others, alleging that Allenstein failed to make payments due on June 1, 2007, and thereafter (hereinafter the 2010 action). Allenstein and the other defendants were served with the summons and complaint, but failed to answer or appear. Contact Holdings Corp. (hereinafter Contact) purchased the property on September 24, 2012.
In September 2014, the plaintiff moved, inter alia, for leave to enter a default judgment and for an order of reference. In October 2015, the Supreme Court denied the motion with leave to renew upon a showing of a reasonable excuse for the delay in moving for leave to enter a default judgment and a potentially meritorious cause of action. In November 2016, the plaintiff again moved, among other things, for leave to enter a default judgment and for an order of reference. Contact cross-moved for leave to intervene in the 2010 action and to dismiss the complaint as abandoned pursuant to CPLR 3215(c). In an order dated October 12, 2017, the court, inter alia, granted those branches of the plaintiff's motion which were for leave to enter a default judgment and for an order of reference, and denied Contact's cross-motion. In a second order dated October 12, 2017, the court, among other things, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff. Contact appealed, and in a decision and order dated January 19, 2022, this Court reversed the orders insofar as appealed from, denied those branches of the plaintiff's motion which were for leave to enter a default judgment and for an order of reference, and granted Contact's cross-motion for leave to intervene in the 2010 action and to dismiss the [*2]complaint as abandoned (see Deutsche Bank Natl. Trust Co. v Allenstein, 201 AD3d 783).
In March 2022, approximately two months after this Court's decision and order was issued, the plaintiff commenced this action to foreclose the mortgage against Contact, among others. Contact interposed an answer asserting various affirmative defenses, including expiration of the statute of limitations. Thereafter, Contact moved for summary judgment dismissing the complaint insofar as asserted against it as time-barred. In an order dated July 24, 2023, the Supreme Court granted Contact's motion. The plaintiff appeals.
The Supreme Court properly granted Contact's motion for summary judgment dismissing the complaint insofar as asserted against it as time-barred. "An action to foreclose a mortgage is governed by a six-year statute of limitations" (U.S. Bank N.A. v Santos, 218 AD3d 827, 828; see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt" (Bank of N.Y. Mellon v Mor, 201 AD3d 691, 694). "The entire mortgage debt will be deemed to have been accelerated by . . . the commencement of a mortgage foreclosure action in which the complaint seeks payment of the full outstanding loan balance" (U.S. Bank N.A. v Connor, 204 AD3d 861, 863).
Here, Contact demonstrated, prima facie, that the mortgage debt was accelerated and the six-year statute of limitations began to run in February 2010, when the plaintiff commenced the 2010 action and elected to call due the entire amount secured by the mortgage (see Deutsche Bank Natl. Trust Co. v Wong, 218 AD3d 742, 743-744). Contact further established, prima facie, that since the plaintiff did not commence this action until 2022, more than six years later, this action was time-barred (see CPLR 213[4]; U.S. Bank N.A. v Outlaw, 217 AD3d 721, 722-723).
In opposition, the plaintiff failed to raise a triable issue of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether it had commenced this action within the applicable limitations period. The Foreclosure Abuse Prevention Act (FAPA) (L 2022, ch 821) replaced the savings provision of CPLR 205(a) with CPLR 205-a in actions, like this one, upon instruments described in CPLR 213(4) (see id. § 205[c]; Pryce v U.S. Bank, N.A., 226 AD3d 711, 713). "Under CPLR 205-a(a), '[i]f an action upon an instrument described under [CPLR 213(4)] is timely commenced and is terminated in any manner other than . . . a dismissal of the complaint for any form of neglect, including, but not limited to those specified in [CPLR 3215] . . . , the original plaintiff, or, if the original plaintiff dies and the cause of action survives, his or her executor or administrator, may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months following the termination, provided that the new action would have been timely commenced within the applicable limitations period prescribed by law at the time of the commencement of the prior action and that service upon the original defendant is completed within such six-month period'" (Pryce v U.S. Bank, N.A., 226 AD3d at 713). Here, there is no dispute that the 2010 action was dismissed as abandoned pursuant to CPLR 3215(c). Therefore, under FAPA, the plaintiff is not entitled to the benefit of the savings provision of CPLR 205(a) or 205-a (see U.S. Bank Trust, N.A. v Giangrande, 229 AD3d 834; Pryce v U.S. Bank, N.A., 226 AD3d at 713).
The plaintiff's arguments challenging FAPA's retroactive application and constitutionality under the United States Constitution are also without merit (see Citimortgage, Inc. v Gunn, 234 AD3d 922, 924; Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065, 1067; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038, 1042).
CHAMBERS, J.P., CHRISTOPHER, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court