US Bank Natl. Assn. v Caldwell (2024 NY Slip Op 02219)

US Bank Natl. Assn. v Caldwell

2024 NY Slip Op 02219

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2020-06692
 (Index No. 619108/17)

[*1]US Bank National Association, etc., appellant-respondent,
v
Stanley Caldwell, et al., respondents-appellants, et al., defendant.

Gross Polowy, LLC (J. Robbin Law PLLC, Armonk, NY [Jacquelyn A. DiCicco and Jonathan M. Robbin], of counsel), for appellant-respondent.
John J. Caracciolo, East Northport, NY (Jonathan Wallace of counsel), for respondents-appellants.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals, and the defendants Stanley Caldwell and Sheila Caldwell cross-appeal, from an order of the Supreme Court, Suffolk County (Michael A. Gajdos, Jr., J.), dated February 27, 2020. The order, insofar as appealed from, denied the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants Stanley Caldwell and Sheila Caldwell. The order, insofar as cross-appealed from, in effect, denied those defendants' request to search the record and award them summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that the order is reversed insofar as cross-appealed from, on the law, and the request of the defendants Stanley Caldwell and Sheila Caldwell to search the record and award them summary judgment dismissing the complaint insofar as asserted against them is granted; and it is further,
ORDERED that one bill of costs is awarded to the defendants Stanley Caldwell and Sheila Caldwell.
In January 2007, the defendants Stanley Caldwell and Sheila Caldwell (hereinafter together the defendants) executed a note in the amount of $210,000, in favor of JPMorgan Chase Bank, N.A. (hereinafter JPMorgan). The note was secured by a mortgage on certain residential property located in Mastic Beach. In June 2011, JPMorgan commenced an action to foreclose the mortgage (hereinafter the 2011 action). In the complaint, JPMorgan elected to call due the entire amount secured by the mortgage. In July 2015, the 2011 action was voluntarily discontinued.
In October 2017, the plaintiff commenced the instant action to foreclose the same mortgage. The defendants interposed an answer asserting several affirmative defenses, including expiration of the statute of limitations. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants. The defendants opposed the [*2]motion and asked the court to search the record and award them summary judgment dismissing the complaint insofar as asserted against them. In an order dated February 27, 2020, the Supreme Court denied the motion and, in effect, denied the defendants' request to search the record and award them summary judgment. The plaintiff appeals, and the defendants cross-appeal.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]; Lubonty v U.S. Bank N.A., 34 NY3d 250, 261). Where the mortgage debt is accelerated, the entire balance of the debt accrues and the statute of limitations begins to run on the full amount due (see GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915, 916; EMC Mtge. Corp. v Patella, 279 AD2d 604, 605).
Here, in support of its motion, the plaintiff acknowledged that the mortgage debt was accelerated on June 17, 2011, when the 2011 action was commenced and its predecessor in interest elected in the complaint to call due the entire amount secured by the mortgage (see MTGLQ Invs., L.P. v Lopez, 204 AD3d 991, 992; U.S. Bank N.A. v Doura, 204 AD3d 721, 723). The instant action was commenced more than six years later (see CPLR 213[4]). Contrary to the plaintiff's contention, it failed to establish that the prior acceleration was revoked and the statute of limitations was reset. Under the recently enacted Foreclosure Abuse Prevention Act (L 2022, ch 821, § 8 [eff Dec. 30, 2022]), the voluntary discontinuance of a foreclosure action does not "in form or effect, waive, postpone, cancel, toll, extend, revive or reset the limitations period to commence an action and to interpose a claim, unless expressly prescribed by statute" (CPLR 3217[e]). Thus, the voluntary discontinuance of the 2011 action did not serve to reset the statute of limitations (see HSBC Bank USA, N.A. v MD A. Islam, 221 AD3d 672, 673-674; CIT Bank, N.A. v Byers, 220 AD3d 673, 675; Bank of N.Y. Mellon v Norton, 219 AD3d 680, 682). To the extent that the plaintiff relies upon certain notices sent to the defendants and the discontinuance of the lis pendens, CPLR 203(h) provides that once a foreclosure cause of action has accrued, "no party may, in form or effect, unilaterally waive, postpone, cancel, toll, revive, or reset the accrual thereof, or otherwise purport to effect a unilateral extension of the limitations period prescribed by law to commence an action and to interpose the claim, unless expressly prescribed by statute." Thus, the plaintiff's unilateral acts could not have reset the statute of limitations.
As the evidence submitted on the plaintiff's motion established that the action was time-barred and no triable issue of fact was raised with respect thereto, the Supreme Court should have granted the defendants' request to search the record and award them summary judgment dismissing the complaint insofar as asserted against them.
In light of our determination, we need not reach the parties' remaining contentions.
BRATHWAITE NELSON, J.P., WOOTEN, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court