Kandinov v Deutsche Bank Natl. Trust Co. (2024 NY Slip Op 02309)

Kandinov v Deutsche Bank Natl. Trust Co.

2024 NY Slip Op 02309

Decided on May 1, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 1, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2021-08700
2022-03604
 (Index No. 700314/17)

[*1]Boris Kandinov, et al., respondents,
v
Deutsche Bank National Trust Company, etc., appellant.

McCabe, Weisberg & Conway, LLC, Melville, NY (Kenneth Britt of counsel), for appellant.

DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the defendant appeals from (1) a judgment of the Supreme Court, Queens County (Marguerite A. Grays, J.), entered November 8, 2021, and (2) an order of the same court entered April 12, 2022. The judgment, upon a prior order of the same court entered May 22, 2020, granting the plaintiffs' motion for summary judgment on the complaint, cancelled and discharged of record the mortgage. The order entered April 12, 2022, insofar as appealed from, upon renewal, adhered to the determination in the order entered May 22, 2020, granting the plaintiffs' motion for summary judgment on the complaint.
ORDERED that the judgment is affirmed, without costs or disbursements; and it is further,
ORDERED that the order entered April 12, 2022, is affirmed insofar as appealed from, without costs or disbursements.
In 1998, the plaintiffs purchased certain real property located in Queens (hereinafter the property). In 2006, the plaintiff Bella Kandinov executed a note in the amount of $1.4 million in favor of nonparty First Central Savings Bank. The note was secured by a mortgage on the property.
On December 3, 2010, the defendant Deutsche Bank National Trust Company (hereinafter the bank) commenced an action to foreclose the mortgage against the plaintiffs (hereinafter the foreclosure action). The complaint in the foreclosure action alleged, inter alia, that "[the bank] has elected and hereby elects to declare immediately due and payable the entire unpaid balance of principal, together with monies advanced for taxes, insurance, property maintenance, as well as the costs, allowances and reasonable attorney fees to the extent permitted by the mortgage." By order entered September 21, 2015, the Supreme Court dismissed the foreclosure action due to the bank's failure to comply with a certain prior order.
By letter dated November 23, 2016, the bank's loan servicer informed the plaintiffs that the bank was de-accelerating the subject loan. The letter stated, in relevant part, that, "[a]t this [*2]time, the lender hereby revokes its prior election to accelerate all sums due and owing under the aforementioned loan documents. Lender hereby revokes any and all prior acts of acceleration, including but not limited to, [the foreclosure action]." The plaintiffs did not resume making payments after receiving the de-acceleration letter.
On January 10, 2017, the plaintiffs commenced this action against the bank pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage on the ground that the statute of limitations within which to commence an action to foreclose the mortgage had expired. The plaintiffs thereafter moved for summary judgment on the complaint. By order entered May 22, 2020, the Supreme Court granted the plaintiffs' motion for summary judgment, determining that the alleged de-acceleration was insufficient to toll the statute of limitations.
In October 2021, the bank moved for leave to renew its opposition to the plaintiffs' motion for summary judgment on the complaint, arguing that the Court of Appeals' decision in Freedom Mtge. Corp. v Engel (37 NY3d 1) constituted new law that would change the prior determination. Without first ruling on the bank's motion for leave to renew, in a judgment entered November 8, 2021, the Supreme Court canceled and discharged of record the subject mortgage. By order entered April 12, 2022, the court granted that branch of the bank's motion which was for leave to renew, but, upon renewal, the court adhered to its prior determination granting the plaintiffs' motion for summary judgment on the complaint. The bank appeals from the judgment and the April 12, 2022 order.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt" (Bank of N.Y. Mellon v Mor, 201 AD3d 691, 694; see U.S. Bank N.A. v Connor, 204 AD3d 861, 862-863). Here, the mortgage debt was accelerated, and the statute of limitations began to run, on December 3, 2010, when the bank commenced the foreclosure action in which it elected to call due the entire amount secured by the mortgage (see Anglestone Real Estate Venture Partners Corp. v Bank of N.Y. Mellon, 221 AD3d 943, 947). Pursuant to CPLR 203, as amended by the Foreclosure Abuse Prevention Act (L 2022, ch 821, § 4 [eff Dec. 30, 2022]), the unilateral de-acceleration letter sent to the plaintiffs failed to revive or reset the statute of limitations (see CPLR 203[h]; Anglestone Real Estate Venture Partners Corp. v Bank of N.Y. Mellon, 221 AD3d at 947; East Fork Funding LLC v U.S. Bank, N.A., 2023 WL 2660645, *3, 2023 US Dist LEXIS 56719, *8 [ED NY, No. 20CV3404 (AMD) (RML)]).
Accordingly, we affirm the judgment and the April 12, 2022 order insofar as appealed from.
CONNOLLY, J.P., MALTESE, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court