Weininger v Deutsche Bank Natl. Trust Co. (2024 NY Slip Op 50644(U))

[*1]

Weininger v Deutsche Bank Natl. Trust Co.

2024 NY Slip Op 50644(U)

Decided on May 30, 2024

Supreme Court, Westchester County

Ondrovic, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 30, 2024
Supreme Court, Westchester County

William Weininger and ELLEN WEININGER, Plaintiffs,

against
Deutsche Bank National Trust Company AS TRUSTEE FOR INDYMAC IMJA MORTGAGE LOAN TRUST 2007-A2, MORTGAGE PASS THROUGH CERTIFICATES SERIES 2007-A2, NATIONAL CITY BANK, UNITED STATES OF AMERICA INTERNAL REVENUE SERVICE, AMERICAN EXPRESS BANK FSB AND AMERICAN EXPRESS CENTURION BANK, FIDELITY SETTLEMENT FUNDING, LLC, and NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, Defendants.

Index No. 54420/2020

Rosenber & Estis PC - counsel for plaintiff
Greenberg Traurig LLP - counsel for Deutsche

Robert S. Ondrovic, J.

In an action, inter alia, pursuant to Real Property Actions and Proceedings Law § 1501(4) to cancel and discharge of record a mortgage, the plaintiff moves for summary judgment on the complaint insofar as asserted against the defendant Deutsche Bank National Trust Company as Trustee for Indymac IMJA Mortgage Loan Trust 2007-A2, Mortgage Pass Through Certificates Series 2007-A2, summary judgment dismissing that defendant's counterclaims, and an award of counsel fees pursuant to Real Property Law § 282(1). The following papers were considered on the plaintiff's motion:
[*2]PAPERSNUMBERED
Notice of Motion, Affidavit of Plaintiff, Exhibits 1 — 2, Affirmation, Exhibits A — D, Statement of Material Facts 1 — 10
Memorandum of Law in Opposition, Affirmation in Opposition, Exhibits 1 — 7, Response to Statement of Material Facts, Affirmation of Service 11 — 21
Reply Affirmation, Exhibits 1 — 6, Reply Memorandum of Law 22 — 29
Plaintiff Supplemental Letter 30
Defendant's Supplemental Letter 31
Relevant Factual and Procedural Background
The plaintiffs William Weininger and Ellen Weininger (hereinafter together the plaintiffs) are the owners of a single-family residence located at 76 Ralph Avenue, White Plains, New York (hereinafter the subject property). On June 28, 2007, the plaintiffs executed a note in the sum of $875,000 in favor of IndyMac Bank, F.S.B. (hereinafter IndyMac), which was secured by a mortgage on the subject property. In an assignment of mortgage executed on October 16, 2010, with an effective date of July 1, 2008, Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for IndyMac, assigned the mortgage "together with the notes described in said mortgage" to the defendant Deutsche Bank National Trust Company as Trustee for Indymac IMJA Mortgage Loan Trust 2007-A2, Mortgage Pass Through Certificates Series 2007-A2 (hereinafter Deutsche Bank).
On October 26, 2010, Deutsche Bank commenced an action against, among others, the plaintiffs, to foreclose the mortgage, alleging, inter alia, that they had defaulted in making the mortgage payment due May 1, 2010, and all payments due thereafter (hereinafter the 2010 action). While the 2010 action was pending, on August 28, 2015, Deutsche Bank commenced a second action to foreclose the same mortgage (hereinafter the 2015 action).
Thereafter, on August 5, 2016, the Supreme Court, Westchester County (Hon. Alan D. Scheinkman, J.S.C.), granted Deutsche Bank's unopposed motion for leave to voluntarily discontinue the 2010 action and cancel the lis pendens. 
By order dated October 4, 2016, the Supreme Court, Westchester County (Hon. William J. Giacomo, J.S.C.), granted the plaintiffs' unopposed motion to dismiss the complaint in the 2015 action.
On March 24, 2017, Deutsche Bank commenced a third action to foreclose on the same mortgage (hereinafter the 2017 action).
In two separate orders dated August 15, 2019, the Supreme Court, Westchester County (Hon. William J. Giacomo, J.S.C.), inter alia, granted those branches of Deutsche Bank's motion which was for summary judgment on the complaint insofar as asserted against the plaintiffs, to strike their answer, and for an order of reference, and denied the plaintiffs' cross motion for summary judgment dismissing the complaint insofar as asserted against them and to cancel the notice of pendency (hereinafter the August 2019 orders). The plaintiffs appealed. By order dated June 22, 2022, the Appellate Division, Second Judicial Department (hereinafter the Second Department), reversed the August 2019 orders, finding that the Supreme Court should have denied Deutsche Bank's motion and granted the plaintiffs' cross motion on the ground that [*3]Deutsche Bank "failed to strictly comply with the requirements of RPAPL 1304."[FN1]
Notice of entry was served on Deutsche Bank on July 22, 2022.
The instant action
The plaintiffs commenced this action against, among others [FN2]
, Deutsche Bank, pursuant to Real Property Actions and Proceedings ("RPAPL") Law § 1501(4) to cancel and discharge of record a mortgage and pursuant to Real Property Law ("RPL") § 282(1) for an award of attorneys' fees by filing a summons and verified complaint on March 19, 2020.
Thereafter, in February 2023, the parties entered into a stipulation pursuant to which Deutsche Bank agree to accept service of an amended complaint. The amended complaint sought the same relief set forth in the original complaint and invoked the application of the recently enacted Foreclosure Abuse Prevention Act (L 2022, ch 821, § 4 [eff Dec. 30, 2022]) (hereinafter FAPA). Deutsche Bank interposed an answer with counterclaims dated on April 10, 2023, and the plaintiffs served a reply to Deutsche Bank's counterclaims on May 2, 2023.
In the meantime, on March 15, 2023, Deutsche Bank commenced a fourth action to foreclose on the same mortgage (hereinafter the 2023 action).
Plaintiffs' motion for summary judgment
On January 31, 2024, the plaintiffs moved, inter alia, for summary judgment on the amended complaint insofar as asserted against Deutsche Bank and for summary judgment dismissing Deutsche Bank's counterclaims. In support of the motion, the plaintiffs submitted, among other things, an affirmation of their attorney, who argued that the mortgage debt was accelerated and the six-year statute of limitations under CPLR § 213(4), began to run on October 26, 2010, when Deutsche Bank commenced the 2010 action. He asserted that the statute of limitations expired on October 26, 2016, and pursuant to CPLR § 203(h), as amended by FAPA, Deutsche Bank's voluntary discontinuance of the 2010 action failed to revive or reset the statute of limitations. The plaintiffs' attorney insisted that FAPA applies retroactively and Deutsche Bank's alleged attempt to de-accelerate the mortgage was ineffective.
The plaintiffs' attorney further argued that Deutsche Bank's counterclaims should be dismissed as a matter of law. He contended that since the mortgage must be discharged under RPAPL § 1501(4) and is unenforceable, Deutsche Bank is not entitled to a declaration that any portion of the mortgage remains valid. The plaintiffs' attorney also asserted that Deutsche Bank should not be permitted to recover the mortgage debt based on a theory of unjust enrichment given that it was the actions undertaken by Deutsche Bank that caused the expiration of the [*4]statute of limitations. He emphasized that Deutsche Bank is not entitled to an equitable remedy where it has commenced three separate actions to foreclose on the mortgage, requiring the plaintiffs to expend more than $100,000 in legal fees, and each of those actions were either discontinued or dismissed. 
The plaintiffs' attorney argued that upon granting summary judgment in favor of the plaintiffs, an award of attorneys' fees and expenses under RPL § 282(1) is warranted. He contended that the plaintiffs have prevailed in the defense of the 2015 action and the 2017 action commenced by Deutsche Bank to foreclose on the mortgage and requested that the Court schedule a hearing to determine the amount of attorneys' fees and costs to be awarded to the plaintiffs. 
Deutsche Bank's opposition
In opposition, Deutsche Bank submitted a memorandum of law and an attorney's affirmation, wherein Deutsche Bank argued that the legislature did not intend for FAPA to apply retroactively and, therefore, it has no application to the facts of this case. Deutsche Bank asserted that the discontinuance of the 2010 action in August 2016, revoked the prior acceleration and reset the statute of limitations. It asserted that mortgage debt was then accelerated by the timely commencement of the 2017 action, and the 2023 action was also timely because it was commenced within six years of the commencement of the 2017 action. According to Deutsche Bank, the 2015 action was, in effect, abandoned because it chose not to oppose the plaintiffs' motion to dismiss, which "also operated to de-accelerate the loan."[FN3]

Deutsche Bank further argued that retroactive application of FAPA would violate the Contracts, Due Process, and Takings Clauses of the United States Constitution. It asserted, among other things, that retroactive application of FAPA "would upset reliance interests on the law," "open a floodgate of motions and appeals to re-litigate issues that were already settled," and does not serve a valid public purpose.[FN4]

Deutsche Bank contended that dismissal of the counterclaims is not warranted. With respect to its first counterclaim, Deutsche Bank argued that even if an action to foreclose on the mortgage is time-barred, the "failures to repay ongoing periodic escrow advances, which are also debts secured by the [m]ortgage, are independent breaches of contract with their own, still running statute of limitations."[FN5]
It emphasized that when it elected to call due the entire amount secured by the mortgage, it did not include the advances which had not yet been paid or accrued. Deutsche Bank asserted that, "[t]o [the] extent they were incurred and became due less than six years before this action commenced, they are not too old for recovery."[FN6]
Deutsche Bank similarly argued with respect to its second counterclaim that interest had not yet accrued when it [*5]brought the 2010 action, "[r]ather, interest accrued on a per diem basis, from commencement of the 2010 action to the present."[FN7]
With respect to the third counterclaim, Deutsche Bank contended that the plaintiffs cannot demonstrate as a matter of law that it is barred under the "voluntary payment doctrine" from seeking recovery for its payments of property taxes and insurance premiums on the ground that it had "full knowledge of the fact" that the mortgage might be unenforceable.[FN8]

Finally, Deutsche Bank argued that the plaintiffs are not entitled to an award of attorneys' fees under RPL § 282(1) because they were not the prevailing party in either the 2015 action or the 2017 action. It also contended that the plaintiffs failed to submit any evidence of the attorneys' fees incurred and that an award of attorneys' fees would be inequitable given that they have failed to make any payment on the mortgage since 2010.
Plaintiffs' reply
In reply, the plaintiff submitted, among other things, an affirmation of their attorney, a memorandum of law, and five separate appellate briefs submitted by the Attorney General of the State of New York (hereinafter the AG) as intervenor-respondent. In the memorandum of law, the plaintiffs argued that Deutsche Bank failed to raise a triable issue of fact in opposition to their prima facie showing that the statute of limitations to foreclose on the mortgage expired in October 2016. The plaintiffs noted that Deutsche Bank raised the same arguments in an action entitled Sarkar v Deutsche Bank, (225 AD3d 641 [2d Dept. 2024]), and the Second Department rejected Deutsche Bank's contention that the voluntary discontinuances of that action de-accelerated the mortgage debt and revived the statute of limitations. The plaintiffs noted that the Second Department has applied FAPA retroactively in a number of cases and in Genovese v Nationstar Mtge. LLC, (223 AD3d 37 [1st Dept. 2023]), the Appellate Division, First Judicial Department explicitly recognized that FAPA applies retroactively.
The plaintiffs argued that Deutsche Bank's constitutional challenges to FAPA should not be considered because Deutsche Bank failed to demonstrate that it notified the AG of its constitutional challenges. In any event, the plaintiffs contended that retroactive application of FAPA does not violate the Takings Clause because Deutsche Bank does not have a vested property interest in "unilaterally cancelling or resetting the statute of limitations after filing a mortgage foreclosure claim and accelerating the balance due on the loan."[FN9]
The plaintiffs also argued that retroactive application of FAPA comports with the Due Process Clause because it is integral to the fundamental aim of the legislation, namely, "'to prevent lenders and loan servicers from manipulating the statute of limitations and abusing the judicial foreclosure process.'"[FN10]
They further argued that applying FAPA retroactively does not violate the Contracts Clause [*6]because Deutsche Bank is unable to identify any substantial impairment of a contractual right, emphasizing that no right to unilateral de-acceleration is afforded to Deutsche Bank under the subject mortgage. 
The plaintiffs reiterated that since an action to foreclose on the subject mortgage debt is barred by the statute of limitations, Deutsche Bank's counterclaims are also time-barred pursuant to RPAPL § 1301(4). Finally, the plaintiffs asserted that they demonstrated their entitlement to an award of attorneys' fees pursuant to RPL § 282 and a hearing to determine the amount of fees and costs to be awarded.
Additional submissions
When counsel for the parties appeared in Court on April 5, 2024, they were directed to file letter submissions addressing the discrete issue as to whether the notice served by Deutsche Bank on the AG complied with the requirements of CPLR § 1012.
The plaintiffs' attorney argued that the Court should decline to consider Deutsche Bank's argument that retroactive application of FAPA is unconstitutional because Deutsche Bank failed to comply with CPLR § 1012. He emphasized that Deutsche Bank did not provide the requisite notice to the AG until after it already raised its constitutional challenges and after the plaintiffs filed their reply papers and the motion was fully briefed. The plaintiffs' attorney added that service of the notice upon the AG by federal express was improper under CPLR § 307.
Deutsche Bank's attorney responded that there is no requirement under CPLR § 1012 that the notice be personally served upon the AG and the plaintiffs' reliance on CPLR § 307 is misplaced. She also asserted that CPLR § 1012 sets forth no time limit to provide the required notice to the AG and it would be nonsensical for a party to provide notice before raising a constitutional challenge.
Analysis
"'Pursuant to RPAPL 1501(4), a person having an estate or an interest in real property subject to a mortgage can seek to cancel and discharge of record that encumbrance where the period allowed by the applicable statute of limitations for the commencement of an action to foreclose the mortgage has expired'" (SYCP, LLC v Evans, 217 AD3d 707, 708 [2d Dept. 2023], quoting U.S. Bank National Association v Bhimsen, 206 AD3d 846, 848 [2d Dept. 2022]).
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR § 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt" (Bank of NY Mellon v Mor, 201 AD3d 691, 694 [2d Dept. 2022]). The acceleration of a mortgage debt may occur when, as here, the holder of the note commences an action to foreclose the mortgage and seeks payment of the full balance due in the complaint (see U.S. Bank N.A. v Outlaw, 217 AD3d 721, 722 [2d Dept. 2023]; Wilmington Sav. Fund Socy., FSB v Rosenbaum, 197 AD3d 1132, 1133 [2d Dept. 2021]).
Plaintiff's prima facie showing
Here, the plaintiffs established, prima facie, that the six-year statute of limitations began [*7]to run on October 26, 2010, when Deutsche Bank commenced the 2010 action and elected to call due the entire amount secured by the mortgage (see Johnson v Cascade Funding Mtge. Trust 2017-1, 220 AD3d 929, 931 [2d Dept. 2023]; ARCPE 1, LLC v DeBrosse, 217 AD3d 999, 1001 [2d Dept. 2023]; SYCP, LLC v Evans, 217 AD3d at 708-709). The plaintiffs demonstrated that after Deutsche Bank discontinued the 2010 action, the 2015 action was dismissed, and it did not commence another foreclosure action within the six-year period from when the debt was accelerated, that is, by October 26, 2016. Therefore, the plaintiffs established, prima facie, that any subsequent foreclosure action, including the pending 2023 action, is time-barred [FN11]
(see CPLR § 213[4]; Collins v Bank of NY Mellon, — AD3d &mdash, 2024 NY Slip Op 02796 [2d Dept. May 22, 2024]; Maneri v Residential Funding Company, LLC, — AD3d &mdash, 2024 NY Slip Op 02530 [2d Dept. May 8, 2024]; Sarkar v Deutsche Bank Trust Company Americas, 225 AD3d 641, 643 [2d Dept. 2024]).
Based on this showing, the plaintiffs also demonstrated, prima facie, that Deutsche Bank's counterclaims seeking, inter alia, to recover the amount of certain payments advanced by Deutsche Bank pursuant to the mortgage (first counterclaim) and the interest on the unpaid principal pursuant to the note (second counterclaim), and alleging unjust enrichment (third counterclaim) were also time-barred (see RPAPL § 1301[4]; Sarkar v Deutsche Bank Trust Company Americas, 225 AD3d at 643). RPAPL § 1301(4) provides, "[i]f an action to foreclose a mortgage or recover any part of the mortgage debt is adjudicated to be barred by the applicable statute of limitations, any other action seeking to foreclose the mortgage or recover any part of the same mortgage debt shall also be barred by the statute of limitations" (emphasis added). The advances paid by Deutsche Bank and the accrued interest, "being [] mere incident[s] [of the mortgage debt], cannot exist without the debt, and, the debt being extinguished, . . . must necessarily be extinguished" (Ajdler v Province of Mendoza, 33 NY3d 120, 126 [2019]; see Federal National Mortgage Association [Fannie Mae] v Tortora, 188 AD3d 70, 77 [4th Dept. 2020] [rejecting Fannie Mae's contention that it was entitled to recover the amount of accrued interest and certain payments of advances "because the provisions purportedly entitling Fannie Mae to those amounts, as terms of the mortgage, were incident to the extinguished debt and therefore stand[] or fall[] with it"] [internal quotation marks omitted]; 3 Williston on Contracts § 7:34 [4th ed] ["when the principal debt is barred by the statute of limitations, the claim for interest, whether contracted for or not, is also barred"]).
In Sarkar v Deutsche Bank Trust Company Americas, (225 AD3d 641 [2d Dept. 2024]), a case substantially similar to the instant action, also involving Deutsche Bank, the Second Department squarely addressed the issue of whether Deutsche Bank's counterclaims based on theories of breach of contract and unjust enrichment were viable where the statute of limitations for commencing a foreclosure action had expired and determined that those counterclaims were time-barred.
Deutsche Bank's failure to raise a triable issue of fact
In opposition, Deutsche Bank failed to raise a triable issue of fact (see CPLR 3212[b]; [*8]SYCP, LLC v Evans, 217 AD3d at 709). Contrary to Deutsche Bank's contention, pursuant to CPLR § 3217, as amended by FAPA, neither the voluntary discontinuance of the 2010 action, nor the dismissal of the 2015 action, served to de-accelerate the mortgage debt or reset the statute of limitations (see CPLR §§ 203[h], 3217[e]; US Bank Natl. Assn. v Caldwell, — AD3d &mdash, 2024 NY Slip Op 02219 [2d Dept. Apr. 24, 2024] [voluntary discontinuance of prior foreclosure action did not reset statute of limitations]; ARCPE 1, LLC v DeBrosse, 217 AD3d at 1001-1002 [same]; SYCP, LLC v Evans, 217 AD3d at 708-709 [same]; MSMJ Realty, LLC v DLJ Mtge. Capital, Inc., 157 AD3d 885, 887 [2d Dept. 2018] [dismissal of prior foreclosure action did not constitute an affirmative act by the lender revoking its election to accelerate]). Thus, Deutsche Bank's contentions that the statute of limitations began to run on March 24, 2017, when it commenced the 2017 action, and that the 2023 action was timely commenced within the six-year statute of limitations, are without merit. 
As set forth more fully below, Deutsche Bank's contentions that FAPA was not intended to apply retroactively and that retroactive application of FAPA is unconstitutional are without merit.
Retroactive application of FAPA
"Although statutory amendments 'are presumed to have prospective application' in the absence of an expression of legislative intent that the statute should be retroactively applied, it is another axiom of statutory interpretation, and an exception to the presumption against retroactive application, that 'remedial legislation should be given retroactive effect in order to effectuate its beneficial purpose'" (Matter of Mia S. , 212 AD3d 17, 22 [2d Dept. 2022], quoting Matter of Gleason , 96 NY2d 117, 122 [2001]). "Classifying a statute as 'remedial' does not automatically overcome the strong presumption of prospectivity" (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 584 [1998]). "Other factors in the retroactivity analysis include whether the Legislature made a specific pronouncement about retroactive effect or conveyed a sense of urgency; whether the statute was designed to rewrite an unintended judicial interpretation; and whether the enactment itself reaffirms a legislative judgment about what the law in question should be" (Matter of Gleason , 96 NY2d at 122; see Genovese v Nationstar Mortgage LLC, 223 AD3d 37 [1st Dept. 2023]).
Section 10 of FAPA expressly provides that "[t]his act shall take effect immediately" (L 2022, ch. 821 § 10), thus evincing "a sense of urgency" (Matter of Gleason, 96 NY2d at 122; Brothers v Florence, 95 NY2d 290, 299 [2000]), and "shall apply to all actions commenced on an instrument described under [CPLR § 213(4)] in which a final judgment of foreclosure and sale has not been enforced" (L 2022, ch. 821 § 10). The legislative memoranda in support of FAPA explained that the remedial aim of FAPA is to "thwart and eliminate abusive and unlawful litigation tactics that have been employed by foreclosure plaintiffs to the prejudice of homeowners throughout New York" and "ensure the statute of limitations not only applies equally to all, but is impervious to unilateral manipulation" (Introducer's Mem in Support of 2022 NY Senate Bill S5473D at 1). It emphasized that "[t]here is an urgent need to pass this bill to overrule the Court of Appeals' recent decision in Freedom Mtge. Corp. v Engel, (37 NY3d 1 [2021])," indicating that "the purpose of the [] remedial legislation is to clarify the meaning of existing statutes, codify correct judicial applications thereof, and rectify erroneous judicial interpretations thereof" in order to "ensure the laws of this state apply equally to all litigants, [*9]including those currently involved in mortgage foreclosures and related actions" (id. at 1, 3).
Contrary to Deutsche Bank's contentions, it is clear, based on the express language of FAPA and a review of its legislative history, that the Legislature intended FAPA to be applied retroactively. In Genovese v Nationstar Mortgage LLC, (223 AD3d 37 [1st Dept. 2023]), the First Department determined that "FAPA will necessarily have retroactive effect in light of § 10[]" and, after considering, inter alia, that FAPA is "remedial in nature," that the "statements in the legislative memoranda in support of FAPA evince a sense of urgency," and that "FAPA was designed, in part, to rewrite unintended judicial interpretations," held that "the Legislature's goal, expressed in the language of FAPA and its legislative history, was to see FAPA applied retroactively" (id. at 45). Moreover, the Second Department has repeatedly applied FAPA retroactively to actions where a final judgment of foreclosure and sale has not been enforced (see Maneri v Residential Funding Company, LLC, — AD3d &mdash, 2024 NY Slip Op 02530 [2d Dept. May 8, 2024]; Kandinov v Deutsche Bank Natl. Trust Co., — AD3d &mdash, 2024 NY Slip Op 02309 [2d Dept. May 1, 2024]; US Bank Natl. Assn. v Caldwell, — AD3d &mdash, 2024 NY Slip Op 02219 [2d Dept. April 24, 2024]; MTGLQ Investors, L.P. v Lila, — AD3d &mdash, 2024 NY Slip Op 02047 [2d Dept. Apr. 17, 2024]; Pryce v U.S. Bank, National Association, — AD3d &mdash, 2024 NY Slip Op 01828 [2d Dept. April 3, 2024]; Sarkar v Deutsche Bank Trust Company Americas, 225 AD3d 641 [2d Dept. 2024]; U.S. Bank National Association v Medianik, 223 AD3d 935 [2d Dept 2024]).
Therefore, since a final judgment of foreclosure and sale has never been issued in any of the four foreclosure actions commenced by Deutsche Bank against the plaintiffs, let alone enforced, FAPA applies to this case (see Ditech Financial LLC v Temple, 81 Misc 3d 1226[A] at **4 [Sup Ct, Schenectady County 2024]; Pennymac Corp. v Erneste, 82 Misc 3d 837, 843 [Sup Ct, Queens County 2023]; U.S. Bank Trust, N.A. v Miele, 80 Misc 3d 839, 848 [Sup Ct, Westchester County 2023]).
Deutsche Bank's constitutional challenges
Before addressing the constitutional challenges raised by Deutsche Bank, the Court must first determine whether Deutsche Bank complied with the notice requirement set forth in CPLR § 1012(b). The Court finds that it did. CPLR § 1012(b) provides that "[w]hen the constitutionality of a statute of the state . . . is involved in an action to which the state is not a party, the attorney-general, shall be notified and permitted to intervene in support of its constitutionality." Executive Law § 71 provides, in relevant part, "[i]n the event the constitutionality of a statute . . . is brought into question and the party questioning such constitutionality . . . serves the [AG] pursuant to [CPLR § 1012(b)], proof of such service upon the attorney-general shall be accepted by the court in satisfaction of the provisions of subsection one of this section" (Executive Law § 71[2]).
Here, on April 1, 2024, Deutsche Bank filed proof of service indicating that a copy of Deutsche Bank's memorandum of law in opposition to the plaintiffs' motion was served upon the AG by "overnight UPS" that same day.[FN12]
There is nothing in the language of CPLR § 1012(b) or Executive Law § 71 that sets forth when the notice must be served, except that "[t]he court . . . [*10]shall not consider any challenge to the constitutionality of such statute . . . unless proof of service of the notice . . . is filed with such court" (Executive Law § 71[3]) or directs that service upon the AG must be effectuated pursuant to CPLR § 307(1), which requires personal service of a summons on an assistant AG at an office of the AG or on the AG within the state in order to obtain personal jurisdiction over the state (c.f. CPLR §§ 5225[a], [b] [explicitly stating that notice of the motion or proceeding "shall" be served on the judgment debtor "in the same manner as a summons or by registered or certified mail, return receipt requested"]; 7503[c] [explicitly stating that notice of intention to arbitrate "shall be served in the same manner as a summons or by registered or certified mail, return receipt requested"]).
Accordingly, the Court now turns to the particular constitutional challenges raised by Deutsche Bank in opposition to the plaintiffs' motion. 
Deutsche Bank argues that retroactive application of FAPA violates the Takings Clause, the Due Process Clause, and the Contracts Clause of the United States Constitution.
It is well settled that "[l]egislative enactments are entitled to a strong presumption of constitutionality" (Delgado v State of New York, 39 NY3d 242, 266 [2022] [internal quotation marks omitted]; Matter of R.M. v C.M.). "[P]arties challenging a duly enacted statute [therefore] face the initial burden of demonstrating the statute's invalidity beyond a reasonable doubt." (Fossella v Adams, — AD3d &mdash, 206 NYS3d 611, 637 [2d Dept. 2024] [internal quotation marks omitted]). "Moreover, courts must avoid, if possible, interpreting a presumptively valid statute in a way that will render it unconstitutional" (Matter of 1160 Mamaroneck Ave. Corp. v City of White Plains, 211AD3d 723, 725 [2d Dept. 2022] [internal quotation marks omitted]).
Importantly, "'[a]bsent a violation' of a specific constitutional provision, 'the potential unfairness of retroactive civil litigation is not a sufficient reason for a court to fail to give a statute its intended scope" (American Economy Ins. Co. v State, 30 NY3d 136, 149 [2017], quoting Landgraf v USI Film Products, 511 US 244, 267 [1994]).
The Takings Clause
"The Takings Clause of the Fifth Amendment of the U.S. Constitution, 'made applicable to the States through the Fourteenth Amendment, . . . provides that private property shall not be taken for public use, without just compensation" (American Economy Ins. Co. v State of New York, 30 NY3d at 139 [internal quotation marks omitted]; see Matter of Raynor v Landmark Chrysler, 18 NY3d 48, 58 [2011]). "The threshold step in any Takings Clause analysis is to determine whether a vested property interest has been identified" (American Economy Ins. Co. v State of New York, 30 NY3d at 140, citing Phillips v Washington Legal Foundation, 524 US 156, 164 [1998]). "A vested right, it has been said, is an 'immediate fixed right of present or future enjoyment'" (Gleason v. Gleason, 26 NY2d 28, 40 [1970], quoting Pearsall v Great Northern Ry., 161 US 646, 673 [1896]).
Although "a statute is not invalid merely because it reaches back to establish the legal significance of events occurring before its enactment, a traditional principle applied to determine the constitutionality of such legislation is that the Legislature is not free to impair vested property rights. The vested rights doctrine recognizes that a 'judgment, after it becomes final, may not be affected by subsequent legislation.' Once all avenues of appeal have been exhausted, [] a judgment becomes an inviolable property right which thereafter may not be constitutionally abridged by subsequent legislation" (Hodes v Axelrod, 70 NY2d 364, 370 [1987] [internal [*11]citations omitted], quoting McKinney's Cons. Laws of NY, Book 1, Statutes § 58). In addition, "[a] person has no property, no vested interest, in any rule of the common law . . . Rights of property which have been created by the common law cannot be taken away without due process; but the law itself . . . may be changed at the will, or even at the whim, of the legislature, unless prevented by constitutional limitations" (Soon Duck Kim v City of New York, 90 NY2d 1, 7 [1997]).
Deutsche Bank failed to identify a vested property right that has been impaired by the retroactive application of FAPA (see Ditech Financial LLC v Naidu, 82 Misc 3d 452, 462 [Sup Ct, Queens County 2023]; U.S. Bank Trust, N.A. v Miele, 80 Misc 3d 839, 852 [Sup Ct, Westchester County 2023]). Although Deutsche Bank contended that applying FAPA retroactively "would destroy mortgage liens already judicially upheld as valid,"[FN13]
a final judgment was never entered in any of the four foreclosure actions commenced by it against the plaintiffs. In fact, notwithstanding that the 2017 action was untimely under FAPA because it was commenced more than six years after the mortgage debt was accelerated in 2010, Deutsche Bank had a third opportunity to foreclose on the mortgage when it commenced the 2017 action, however, that case was dismissed based on Deutsche Bank's failure to serve one of the plaintiffs with timely notice pursuant to RPAPL § 1304. Moreover, there can be no doubt that Deutsche Bank does not have a vested property right in the ability to unilaterally revoke an acceleration and reset the statute of limitations by voluntary discontinuance (see Bank of America v Jones, 82 Misc 3d 1216[A], *2 [Sup Ct, Suffolk County 2024]; Ditech Financial LLC v Naidu, 82 Misc 3d at 462-464; US Bank N.A. v Williams, 80 Misc 3d 258, 267 [Sup Ct, Putnam County 2023]; 195-197 Hewes LLC v Citimortgage Inc., 2023 NY Slip Op 033931[U], 10 [Sup Ct, Kings County 2023]).
Accordingly, Deutsche Bank failed to establish that the retroactive application of FAPA impairs any of its vested property rights.
The Due Process Clause — Substantive and Procedural
Deutsche Bank argued, inter alia, that retroactive application of FAPA violates its substantive due process rights because it "upset[s] reliance interests on the law" and "would open a floodgate of motions and appeals to re-litigate issues that were already settled."[FN14]
"[T]he test of due process for retroactive legislation 'is met by showing that the retroactive application of the legislation is itself justified by a rational legislative purpose'" (American Economy Ins. Co. v State of New York, 30 NY3d at 157-158, quoting Pension Ben. Guar. Corp. v R.A. Gray & Co., 467 US 717, 730 [1984]). "In the retroactivity context, a rational justification is one commensurate with the degree of disruption to settled, substantial rights" (Regina Metro. Co., LLC v New York State Div. of Hous. and Community Renewal, 35 NY3d 332, 386 [2020]).
Deutsche Bank has failed to demonstrate that the retroactive application of FAPA would violate its substantive due process rights. In 2016, when the 2010 action was voluntarily discontinued, the emerging caselaw from the Second Department was that "a lender's mere act of [*12]voluntarily discontinuing an action does not constitute, in and of itself, an affirmative act revoking an earlier acceleration of the debt" (U.S. Bank Natl. Assn. v McCaffery, 186 AD3d 897, 899 [2d Dept. 2020]; see Deutsche Bank Trust Co. Ams. v Smith, 170 AD3d 660, 661 [2d Dept. 2019]; Federal Natl. Mtge. Assn. v Schmitt, 172 AD3d 1324, 1326 [2d Dept. 2019]; U.S. Bank Trust v Aorta, 167 AD3d 807, 809 [2d Dept. 2018]; Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 987 [2d Dept. 2016]; Federal Nat'l Mortgage Ass'n v Mebane, 208 AD2d 892, 894 [2d Dept. 1994]). The Court of Appeals' holding in Freedom Mtge. Corp. v Engel, (37 NY3d 1 [2021]), that acceleration of the mortgage debt is revoked by a voluntary discontinuance of a foreclosure action was not pronounced until more than four years after Deutsche Bank voluntarily discontinued the 2010 action. Thus, Deutsche Bank cannot claim that it justifiably relied on the holding in Engel at the time of the discontinuance or that it had any reasonable expectation in 2016, that the discontinuance would reset the statute of limitations.
Furthermore, the retroactive application of FAPA has a rational legislative purpose and is necessary to achieve the legislation's remedial objectives, which is, inter alia, to "ensure the laws of this state apply equally to all litigants, including those currently involved in mortgage foreclosures and related action," "clarify the meaning of existing statutes, correct judicial applications thereof, and rectify erroneous judicial interpretations thereof," and "thwart and eliminate abusive and unlawful litigation tactics that have been employed by foreclosure plaintiffs to the prejudice of homeowners throughout New York" (Introducer's Mem in Support of 2022 NY Senate Bill S5473D at 1, 4).
Deutsche Bank further argues that applying FAPA retroactively without a "grace period" violates procedural due process and relies on Brothers v Florence, (95 NY2d 290 [2000]), for that proposition. In Brothers, the Court of Appeals held that, "[w]hen . . . a limitations period is statutorily shortened, or created where none existed before, Due Process requires that potential litigants be afforded a reasonable time *** for the commencement of an action before the bar takes effect" (id. at 300 [internal quotation marks omitted]). Here, however, FAPA has no effect on the six-year statute of limitations that governs foreclosure actions, but rather, limits the ability of a lender and loan servicer to unilaterally reset the statute of limitations.
Accordingly, Deutsche Bank failed to establish that the retroactive application of FAPA violates its substantive and procedural due process rights.
The Contracts Clause
Deutsche Bank argues, among other things, that the retroactive application of FAPA violates the Contracts Clause by "eviscerating a lender's contractual right to revoke acceleration of a loan."[FN15]
In analyzing a Contracts Clause challenge, the Court must consider, "[w]hether there is a contractual relationship, whether a change in law impairs that contractual relationship, and whether the impairment is substantial" (General Motors Corp. v. Romein, 503 U.S. 181, 186 [1992]; see Ciafone v Kenyatta, 27 AD3d 143, 152 [2d Dept. 2005).
Here, there is no language in the subject mortgage or note providing Deutsche Bank the right to unilaterally de-accelerate the mortgage debt or reset the statute of limitations by voluntarily discontinuing an action (see Ditech Financial LLC v Naidu, 82 Misc 3d 452, 458-459 [*13][Sup Ct, Queens County 2023]; Nationstar Mortgage, LLC v Naar, 80 Misc 3d 1203[A] [Sup Ct, Westchester County 2023]; US Bank N.A. v Williams, 80 Misc 3d 258, 267 [Sup Ct, Putnam County 2023]). Furthermore, "nothing in CPLR 3217(e) or 203(h) prohibits the parties from agreeing in their mortgage contract that certain specific action will de-accelerate the mortgage and reset the statute of limitations" (Bayview Loan Servicing, LLC v Dalal, 80 Misc 3d 1100, 1107 [Sup Ct, Bronx County 2023], citing East Fork Funding LLC v U.S. Bank, N.A., 2023 WL 2660645, *5 [EDNY, March 23, 2023, No. 20-cv-3404 AMD/RML]).
Accordingly, Deutsche Bank failed to demonstrate that the retroactive application of FAPA impairs any contractual relationship between the parties.
Counsel Fee Award — RPL § 282(1)
Real Property Law § 282 provides that "[w]henever a covenant contained in a mortgage on residential real property shall provide that . . . the mortgagee may recover attorneys' fees and/or expenses incurred as the result of the failure of the mortgagor to perform any covenant or agreement contained in such mortgage . . . there shall be implied in such mortgage a covenant by the mortgagee to pay to the mortgagor the reasonable attorneys' fees and/or expenses incurred by the mortgagor as the result of the failure of the mortgagee to perform any covenant or agreement on its part to be performed under the mortgage or in the successful defense of any action or proceeding commenced by the mortgagee against the mortgagor arising out of the contract, and an agreement that such fees and expenses may be recovered as provided by law in an action commenced against the mortgagee" (RPL § 282 [1]).
The plaintiffs' contention that they "successfully prevailed  at least twice  in defending against foreclosure actions commenced by Deutsche Bank,"[FN16]
referencing the 2015 action and 2017 action, is without merit. The 2015 action was dismissed after the court granted the plaintiffs' unopposed motion to dismiss the complaint on the ground that a prior action between the same parties which sought the same relief (the 2010 action) was still pending. There was no substantive determination on the merits and, therefore, the plaintiffs were not the "prevailing party" within the meaning of RPL § 282(1) (see Chase Home Fin., LLC v Sulton, 185 AD3d 646, 647 [2d Dept. 2020]; Bank of Am., N.A. v Destino, 138 AD3d 654, 654-655 [2d Dept. 2016]). Similarly, the plaintiffs are not entitled to an award of attorneys' fees pursuant to RPL § 282(1) in connection with the dismissal of the 2017 action on the ground that Deutsche Bank failed to strictly comply with the requirements of RPAPL § 1304 (see U.S. Bank N.A. v Reddy, 220 AD3d 967, 972 [2d Dept. 2023]; Johnson v Cascade Funding Mtge. Trust 2017-1, 220 AD3d 929, 932 [2d Dept. 2023]; U.S. Bank N.A. v Krakoff, 199 AD3d 859, 863 [2d Dept. 2021]).
Nevertheless, in light of this Court's determination in connection with the instant action, the plaintiffs are entitled to an award of attorneys' fees and expenses pursuant to RPL § 282(1) since they are the prevailing party within the meaning of the statute (see U.S. Bank N.A. v Armand, 220 AD3d 963, 967 [2d Dept. 2023]; U.S. Bank National Association v. Onuoha, 216 AD3d 1069, 1073 [2d Dept 2023]; 21st Mtge. Corp. v Nweke, 165 AD3d 616, 619 [2d Dept. 2018]). Contrary to Deutsche Bank's contention, the fact that the plaintiffs did not submit [*14]evidence of the attorneys' fees and expenses incurred by it in connection with this action is not fatal to their request. The matter shall be referred to the Trial Assignment Part for purposes of scheduling a hearing, at which time the Court will determine an appropriate award. 
Accordingly, it is hereby
ORDERED that the branch of the plaintiffs' motion which was for summary judgment on the cause of action pursuant to RPAPL § 1501(4) to cancel and discharge of record the subject mortgage is granted; and it is further,
ORDERED that the branch of the plaintiffs' motion which was for summary judgment dismissing Deutsche Bank's counterclaims is granted; and it is further,
ORDERED that the branch of the plaintiffs' motion which was for summary judgment on the cause of action pursuant to RPL § 282(1) for an award of attorneys' fees and expenses is granted to the extent that a hearing shall be held in this matter to determine an appropriate award of attorneys' fees and expenses incurred by the plaintiffs in connection with this action; and it is further,
ORDERED that within ten (10) days following entry hereof, the plaintiffs shall file a hearing note of issue; and it is further,
ORDERED that the matter shall be referred to the Trial Assignment Part for the scheduling of the hearing; and it is further,
ORDERED that the Clerk of this County is directed, upon payment of proper fees, if any, to cancel and discharge of record the mortgage against the property at 76 Ralph Avenue, White Plains, New York, under control number 472210319; and it is further,
ORDERED that Deutsche Bank and its successors and assigns are forever barred from asserting a claim to or interest in the subject property by virtue of the cancelled mortgage.
Dated: May 30, 2024
White Plains, NY
E N T E R,
HON. ROBERT S. ONDROVIC, J.S.C.

Footnotes

Footnote 1:NYSCEF Doc No 61

Footnote 2:By order dated October 27, 2023, the Supreme Court, Westchester County (Hon. Hal B. Greenwald, J.S.C.), granted the plaintiffs' motion for leave to enter a default judgment against the defendants National City Bank, American Express Bank FSB and American Express Centurion Bank, Fidelity Settlement Funding, LLC, and New York State Department of Taxation and Finance.

Footnote 3:NYSCEF Doc. No. 102 at 17

Footnote 4:id. at 18 and 20

Footnote 5:id. at 25

Footnote 6:id. 

Footnote 7:id. at 26

Footnote 8:id. at 27

Footnote 9:NYSCEF Doc. No. 119 at 11

Footnote 10:id. at 13, quoting FAPA, "Purpose and Intent of Bill"

Footnote 11:As stated above, the 2017 action was on appeal while this action was sub judice and was ultimately dismissed by the Second Department in a decision and order dated June 22, 2022.

Footnote 12:NYSCEF Doc No 120

Footnote 13:NYSCEF Doc No 102 at 15

Footnote 14:id. at 18, 20

Footnote 15:NYSCEF Doc No 102 at 23

Footnote 16:NYSCEF Doc No 92 at 72