Federal Natl. Mtge. Assn. v Marshall (2026 NY Slip Op 00946)

Federal Natl. Mtge. Assn. v Marshall

2026 NY Slip Op 00946

Decided on February 19, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 19, 2026

CV-24-1078
[*1]Federal National Mortgage Association, Respondent,
vLawrence C. Marshall, Appellant.

Calendar Date:January 14, 2026

Before:Reynolds Fitzgerald, J.P., Ceresia, Fisher, McShan and Mackey, JJ.

Legal Aid Society of Northeastern New York, Inc., Albany (Marlene Morales Melo of counsel), for appellant.
McCarter & English, LLP, New York City (Adam M. Swanson of counsel), for respondent.

Reynolds Fitzgerald, J.P.
Appeals from an order and a judgment of the Supreme Court (Daniel Lynch, J.), entered May 3, 2024 in Columbia County, which, among other things, upon renewal, granted plaintiff's motion for summary judgment.
In May 2007, defendant executed a note for $343,000 secured by a mortgage on real property located in the City of Hudson, Columbia County. In April 2009, plaintiff's predecessor in interest, Greenpoint Mortgage Funding Inc., commenced a foreclosure action. That action was voluntarily discontinued by plaintiff in 2013. Plaintiff thereafter commenced this second foreclosure action in May 2018. Defendant joined issue, asserted affirmative defenses, including that the action is time-barred, and interposed a counterclaim for discharge of the mortgage as time-barred. In April 2022, plaintiff moved for summary judgment to dismiss defendant's answer and counterclaims. Supreme Court (Koweek, J.) granted the motion, struck defendant's answer with counterclaims and directed plaintiff to submit an order of reference.
Meanwhile, the Legislature passed the Foreclosure Abuse Prevention Act (see L 2022, ch 821 [hereinafter FAPA]), which codified that "the voluntary discontinuance of [a foreclosure] action, whether on motion, order, stipulation or by notice, shall not, in form or effect, waive, postpone, cancel, toll, extend, revive or reset the limitations period to commence an action and to interpose a claim" (CPLR 3217 [e]; see CPLR 203 [h]). In January 2024, plaintiff moved to confirm the referee's report and for summary judgment granting a judgment of foreclosure and sale. Defendant cross-moved, in light of the enactment of FAPA, to vacate Supreme Court's 2022 decision granting plaintiff summary judgment, to dismiss the complaint as time-barred and to cancel and discharge the mortgage pursuant to RPAPL 1501 (4). Supreme Court (D. Lynch, J.) granted defendant's cross-motion, vacated the 2022 order, retroactively applied FAPA and thereafter determined that FAPA, when applied retroactively, violates the Contract Clause of the US Constitution and the Takings Clauses of the US and NY Constitutions.[FN1] Thus, the court granted plaintiff summary judgment and denied defendant's cross-motion to cancel and discharge the mortgage. Defendant appeals.
Defendant contends that Supreme Court erred in its finding. During the pendency of this appeal, the Court of Appeals decided Article 13 LLC v Ponce De Leon Fed. Bank (___ NY3d ___, 2025 NY Slip Op 06536 [2025]) and Van Dyke v U.S. Bank, N.A. (___ NY3d ___, 2025 NY Slip Op 06537 [2025]), finding that FAPA applies retroactively to foreclosure actions commenced before the statute's enactment and, as relevant here, that retroactive application of FAPA does not violate substantive or procedural due process claims (see Article 13 LLC v Ponce De Leon Fed. Bank, ___ NY3d at ___, 2025 NY Slip Op 06536, *2-*3, *5; Van Dyke v US Bank, N.A., ___ NY3d at ___, 2025 NY Slip Op 06537, *5, *6-*7). The Court further found that said application [*2]did not violate the Contract Clause of the US Constitution as "the provisions are sensibly tailored to the specific litigation practices that the [L]egislature saw fit to curb via FAPA's enactment: they narrowly bar successive, collateral challenges to certain prior loan accelerations and curtail noteholders' ability to unilaterally reset the limitations period to foreclose. . . . [T]he provisions also sensibly advance the strong public policy favoring finality, predictability, fairness and repose. What is more, the provisions operate in the highly regulated landscape of mortgage foreclosure litigation — an area long wrought with competing interests and complex policy judgments and in which the allocation of economic benefits and burdens has always been subject to adjustment" (Van Dyke v US Bank, N.A., ___ NY3d at ___, 2025 NY Slip Op 06537, *8 [internal quotation marks and citations omitted]).
Thus, this appeal distills to whether FAPA's retroactive application violates the Takings Clauses of the US Constitution and NY Constitution. For the following reasons, we find that FAPA's retroactive application does not violate the Takings Clauses. "The Takings Clause of the Fifth Amendment of the US Constitution, made applicable to the States through the Fourteenth Amendment, provides that private property shall not be taken for public use, without just compensation. The [NY] Constitution similarly provides that private property shall not be taken for public use without just compensation. The threshold step in any Takings Clause analysis is to determine whether a vested property interest has been identified" (American Economy Ins. Co. v State of New York, 30 NY3d 136, 155 [2017] [internal quotation marks, ellipsis, brackets and citations omitted; emphasis added], cert denied 584 US 1013 [2018]; see Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065, 1071 [2d Dept 2024]). "A vested right . . . is an immediate fixed right of present or future enjoyment" (Gleason v Gleason, 26 NY2d 28, 40 [1970] [internal quotation marks and citation omitted]). "The vested rights doctrine recognizes that a judgment, after it becomes final, may not be affected by subsequent legislation. Once all avenues of appeal have been exhausted, under this doctrine a judgment becomes an inviolable property right which thereafter may not constitutionally be abridged by subsequent legislation" (Matter of Hodes v Axelrod, 70 NY2d 364, 370 [1987] [internal quotation marks and citations omitted]). Here, Supreme Court determined that the retroactive application of FAPA is an unconstitutional taking because it has the effect of depriving plaintiff of its entire interest — i.e., plaintiff's vested interest — in the property without just compensation. However, plaintiff does not obtain a vested interest, subject to compensation, until it secures a final judgment of foreclosure and sale. This did not occur in the prior action or in this action, as the judgment is subject to this appeal (see Deutsche [*3]Bank Natl. Trust Co. v Vista Holding, LLC,239 AD3d 830, 834 [2d Dept 2025]; Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d at 1071; Weininger v Deutsche Bank Natl. Trust Co., 83 Misc 3d 1202[A], 2024 NY Slip Op 50644[U], *1, *10-*11 [Sup Ct, Westchester County 2024]).
Notwithstanding the foregoing, plaintiff argues that it has a vested property interest in its right of action to foreclose the mortgage under pre-FAPA law and that the retroactive application of FAPA to this action would have a severe economic impact on it and will substantially interfere with its reasonable investment backed expectations. Assuming, arguendo, that a vested interest of any sort exists, we remain unpersuaded by plaintiff's argument. "A party challenging governmental action as an unconstitutional taking bears a substantial burden, and evaluating whether an action is a 'taking' requires a court to consider the economic impact of the regulation, its interference with reasonable investment backed expectations, and the character of the governmental action" (James Sq. Assoc. LP v Mullen, 21 NY3d 233, 247 [2013] [internal quotation marks, brackets and citation omitted]). "Those who do business in [a] regulated field cannot object if the legislative scheme is buttressed by subsequent amendments to achieve the legislative end" (Connolly v Pension Benefit Guaranty Corp., 475 US 211, 227 [1986] [internal quotation marks and citations omitted]).
Here, plaintiff operates "in the highly regulated landscape of mortgage foreclosure litigation — an area long wrought with competing interests and complex policy judgments and in which the allocation of economic benefits and burdens has always been subject to adjustment" (Van Dyke v US Bank, N.A., ___ NY3d at ___, 2025 NY Slip Op 06537, *8 [internal quotation marks and citation omitted]). As plaintiff undertook its business and its investment strategy with the knowledge that it was subject to the mortgage enforcement industry, "its general investment expectations included the knowledge that it was subject to extensive regulation" (Rochester Gas & Elec. Corp. v Public Serv. Commn. of State of N.Y., 71 NY2d 313, 325 [1988]). Furthermore, there is no "vested right in the [L]egislature's lack of legislation on a particular subject or in any rule of law or legislative policy that entitles the person to have such law or policy remain unaltered for their benefit. In other words, a vested right is something more than a mere expectation based upon an anticipated continuance of the existing law" (Article 13 LLC v Ponce De Leon Fed. Bank, ___ NY3d at ___, 2025 NY Slip Op 06536, *4 [internal quotation marks and citations omitted]). Accordingly, the retroactive application of FAPA does not violate the Takings Clauses (see Deutsche Bank Natl. Trust Co. v Testa, 243 AD3d 1255, 1258 [4th Dept 2025]; US Bank N.A. v Levy, 239 AD3d 789, 790 [2d Dept 2025]; Ditech Fin. LLC v Naidu, 82 Misc 3d 452, 462-463 [Sup Ct, Queens County 2023], affd 244 AD3d 1067[*4][2d Dept 2025]).
Ceresia, Fisher, McShan and Mackey, JJ., concur.
ORDERED that the order and the judgment are reversed, on the law, without costs, plaintiff's motion for summary judgment, to confirm the referee's report and for a judgment of foreclosure and sale is denied and defendant's cross-motion for summary judgment canceling and discharging the subject mortgage is granted.

Footnotes

Footnote 1: Conversely, Supreme Court found that retroactive application did not violate due process.